CARTER, Appellant, v. McCLINTOCK, Respondent.

1. Delivery is necessary to the complete execution of a promissory note ; if the payee obtain posssession thereof by fraud he can not maintain an action thereon.

Carter v. McClintock.

*Appeal from Buchanan Circuit Court.*

This was an action on a promissory note for $663.33. The defendant in his answer admitted the "execution" of the note set out in the petition, but set up by way of defence that the same was proved by falsehood and fraud. He states that in June, 1857, he entered into a "conditional contract" with the plaintiff, by which defendant and one Murray were to become the purchasers of a certain piece of ground at the price of $3,000, $1,000 to be paid down, the remainder in three equal instalments of six, twelve and eighteen months; that it was expressly understood that the contract was to take effect and become binding only in case Murray would become a party with defendant in the contract and become jointly bound for the purchase money, but in case Murray should refuse to take half the land and become jointly bound for the purchase money the contract was to be considered null and void; that with this understanding defendant deposited $1,000 with plaintiff, and at the same time three promissory notes were drawn up for the signatures of defendant and Murray, also a bond conditioned for the conveyance of said land to said Murray and defendant; that defendant then signed the notes, and they, with the bond, were placed in defendant's hands in order that he might submit them to Murray; that he did submit the notes and bond to Murray for approval or rejection; that Murray refused to ratify or approve said contract, or become a party thereto, or sign said notes; that shortly after defendant notified plaintiff of this decision and demanded the return of the $1,000; that defendant retained said notes in his possession until some time in November, 1857; that in a conversation between plaintiff and defendant in relation to the above agreement plaintiff asked defendant the privilege of looking at the notes; that defendant, not suspecting any fraudulent design, handed the notes to him for inspection; that plaintiff having got them in his possession put them in his pocket and left defendant, and refused to return the notes or the $1,000, although de-

manded by the defendant; that the note sued on is one of those notes so obtained by plaintiff; that the possession was procured by fraud.

At the trial evidence was adduced showing that plaintiff obtained possession of the notes in the manner stated in the answer. A letter written by one C. E. Kemp, in behalf of plaintiff, was admitted in evidence in behalf of defendant. Kemp stated that he wrote the letter at the request of plaintiff; that he was acting as his clerk and agent; that he had embodied in the letter the ideas he had derived in relation to the sale of the land and the execution of the notes from conversations with Carter, the plaintiff; that at the time the letter was written Carter was in St. Louis, and had previously to leaving requested witness to attend to the matter. The letter is as follows: " St. Joseph, Mo., October 2, 1857. Mr. Joseph McClintock: Dear Sir—This will certify that the bearer, Mr. Leopold, is authorized to close the trade between W. M. Carter and McClintock and Murray, being a sale of five acres of land, for the sum of $3,000, on which purchase you have paid $1,000 cash, and for the balance, $2,000, per agreement, you were to execute your joint promissory notes for $1,000 cash, one of said notes being payable six months after date, and the other payable twelve months after date from the date of the purchase of said land. Mr. Carter is at present absent at St. Louis and has requested me to attend to this matter for him, and have no doubt but that you will fulfill any contract made with him in regard to this transaction. Yours, very respectfully, [signed] W. C. Carter, by C. E. Kemp." By the bond, which was given in evidence, three notes, of $663.33 each, were to be given.

The court refused the following declarations of law asked by plaintiff; " 2. There is no evidence offered in behalf of defendant to sustain his answer or entitle him to a verdict." The following declarations of law asked by defendant were given: " 1. If the purchase was made in the name of defendant and John D. Murray of the land in question, in consideration of which the note sued on was given, and the

Carter v. McClintock.

plaintiff refused to accept the note until the signature of said Murray was procured thereto, and that said Murray refused to sign the same, and plaintiff afterwards got possession of the note in question under pretence of examining the papers, and refused to redeliver the same to the defendant, then the law of the case is for defendant. 2. If the contract was not to be completed until Murray's signature was procured, and that defendant by false representations got possession of said note knowing that the said Murray had failed to sign the same, then the law of this case is for defendant. 3. If the plaintiff got possession of the note sued on under the pretence of looking at the same, and without the consent of plaintiff retained possession of the same, then he is not entitled to recover on the same. 4. The execution and delivery of the note by defendant and Murray was a part of the contract, and unless the same was executed by them and delivered to the plaintiff by defendant the law of the case is for the defendant."

The court found for defendant.

*H. M. & A. H. Vories*, for appellant.

I. The letter of Kemp was improperly admitted. Kemp's had no authority to make admissions. He knew nothing about the contract. The declarations of law given were erroneous. The agreement alleged in the answer is entirely disproven. There is a fatal variance, and a total failure of proof: (R. C. 1855, p. 1285; 17 Mo. 585; 19 Mo. 30; 18 Mo. 403; 20 Mo. 229; 22 Mo. 27.) The notes were delivered to Carter. He sent them by defendant to get Murray's signature. Defendant has kept the bond, and may have it yet for all that appears.

*Gardenhire*, for respondent.

I. The letter of Kemp was properly admitted. The declarations of law given were proper. (See 3 Johns. 534; 7 Johns. 470; 4 Call, 379; 4 Wheat. 225; 1 Summ. 218.) The notes were never delivered. The answer puts in issue the delivery.

SCOTT, Judge, delivered the opinion of the court.

We see no grounds on which to place a reversal of this judgment. The letter written by the authorized agent of the plaintiff and at his request, although not dictated by the plaintiff, was evidence against him. It appears that he was, from conversations with the plaintiff, familiar with the subject about which he wrote, although he happened to fall into a mistake in stating the terms of the contract. But we do not see how the plaintiff was injured by the admission of the letter in evidence. He stands here claiming an advantage from the error into which the clerk was betrayed in describing the contract.

The written contract could only be resorted to in order to ascertain the understanding of the parties. We do not comprehend what is meant by the variance between the answer and the proof. Surely it is not founded on the allegation in the answer that the agreement was conditional, when the whole context of the answer shows that that word had not, nor was intended to have, any other sense than to show that the contract was not complete and had not been fully executed. The suit was on a note, and the answer set up the defence that the note had never been delivered; that the contingency, on which it was to be delivered—the entire fulfillment to the contract by all the parties to it—had not happened when the plaintiff, by fraud and falsehood, obtained possession of it. But it is said that the answer admits that the defendant executed the note. We can very well see how this happened. As the law required the answer to be sworn to, and as the defendant knew the signature to the note was his, he was unwilling to swear that he did not execute it, that is, did not sign it—not intending thereby to admit that the note was a complete instrument or had ever been delivered. The attorney might have been a little more choice in his language and avoided this nicety. But, for an objection like this, to subject a man to the payment of a large sum, under the circumstances of this case, would be an outrage upon justice.

It clearly appeared that the note sued on was one of those referred to in the answer; and the facts of the answer being clearly proved, the declarations of law made by the court were correct, and those denied to the plaintiff were properly refused.

The other judges concurring, the judgment is affirmed.