JOHN GOODFELLOW, Defendant in Error, *v.* ISRAEL LANDIS, Plaintiff in Error.

1. *Note—Attorney—Assignment.*—An attorney who receives a note for collection after its maturity, has no power to sell and assign the note.
2. *Note—Endorsement.*—An endorsement in blank of a promissory note by the holder to a third party, is evidence of an assignment for value, only when the note is taken in the ordinary course of trade.
3. *Depositions—Notice.*—If a party appear at the taking of the deposition and cross-examine the witness, he cannot afterward object to the sufficiency of the notice.

*Error to Buchanan Court of Common Pleas.*

The plaintiff asked the court to instruct the jury:

1. [See opinion.]

2. The endorsement of a note in blank by the holder and owner thereof, and delivery thereof to a third party, is *prima facie* evidence of the assignment of the same for a valuable consideration, and will vest a complete title to such instrument in any subsequent purchaser of the same.

3. If the jury find for the plaintiff, they will allow four per cent. damages on the whole amount of note, and damages at the rate of six per cent. *per annum* from the maturity of said note.

4. Any purchaser of a note endorsed in blank has a right to fill up said endorsement to himself.

5. Purchase of the note by Goodfellow, if he did purchase it in good faith, was no fraud upon Landis, even though it might have been done at the request of Burd.

The court, on motion of defendant, gave the following instructions, to wit: Nos. 1, 2, 3, 4 & 5.

Defendant asked that the following instructions be given:

1. The court instructs the jury that they will find for the defendant, unless they believe from the evidence that Calhoun, Sterling & Co., in person, or by a person duly authorized by them to do so, endorsed the note with endorsement (sued on herein) thereon of the name of the defendant, intending to pass the title thereto.

2. They will find for the defendant if they believe from the evidence that Calhoun, Sterling & Co., who were the holders and owners of the note filed with the plaintiff's petition, and placed the same in the hands of Henry Hitchcock, an attorney-at-law, for collection to be sued upon, which was done by him by suing J. W. Burd, the maker of the note; and after suit was brought, said J. W. Burd, or some other person, paid over to said attorney the full amount of the note to the satisfaction of said attorney, and the suit was by agreement dismissed at the defendant's costs; and further, this does not constitute an assignment or transfer of the note so as to enable the plaintiff herein to sustain this action.

3. That the employing of Henry Hitchcock to institute suit against the maker of said note, and collect the same from him, did not in any manner authorize him to sell or transfer said note; and unless they believe from the evidence that Henry Hitchcock had a general power from Calhoun, Sterling & Co. to transact their business, or a special power from them to transfer the paper in controversy, they will find for the defendant.

4. The jury will find for the defendant unless they believe from the evidence that Sterling, Calhoun & Co., in person, or by an authorized attorney, assigned the note sued on to the plaintiff.

*Ensworth*, and *Bassett & Lawson*, for plaintiff in error.

The plaintiff knew that Hitchcock had the note for collection, and his authority was limited to that; and it devolved upon the plaintiff to prove that Hitchcock had the right to make the assignment, which Hitchcock denies. So does Sterling, so does the defendant below; and the law arising on the evidence of J. C. Jamison shows he had no right. Now what is the effect of an assignment after a negotiable note is due? It is equivalent to the act of drawing a new bill payable at sight. (Chit. on Bills, ch. 4, 215 *et seq.;* Sto. on Prom. N., § 148, and notes.)

Now, from the evidence, could plaintiff recover of Calhoun, Sterling & Co. ? If it was a valid assignment, they are responsible on the assignment the same as if they had drawn a bill at sight. Hitchcock certainly had no right to make a contract of that kind and bind the said firm; and the deciding of that question in favor of Calhoun, Sterling & Co., determines Hitchcock's right to pass the bill, if not determined by his limited right to collect. Having no right to make the transfer, the court erred in permitting the assignment to be read. (13 Mo. 596; 14 Mo. 125, 166, 523; 3 Mo. 290; 6 Mo. 7.)

The giving of instructions, embracing abstract principles of law, instead of presenting the precise questions and such only as arise from the evidence in the case, is reprehensible and erroneous. (3 Mo. 290.) Such instructions have a tendency to mislead the jury, or, in other words, takes the mind of the jury from the issue as presented by the facts of the case as proved before them. (3 Mo. 620.) When instructions are too general and not warranted by the evidence, they are not corrected by the giving of other instructions. (4 Mo. 279; 6 Mo. 43; 17 Mo. 142.)

*Grubb & Jones*, for defendant in error.

I. If A., the payee or endorser of a note, place the same with his blank endorsement thereon in the hands of B., and B. sell and deliver the same to C., who has no notice of any limitation of power in B. over such note, then C. gets a good title to the same.

II. That the endorsement and delivery of a note to a party is *prima facie* evidence of sale, &c.

III. Endorsee has power to fill up, &c. Such are, in substance, the instructions on part of plaintiff below, and are certainly correct. (Odell & Fink v. Presbury et als., 13 Mo. 330; *id.* v. Gray & Co., 15 Mo. 337; Lovell v. Evertson, 11 Johns. 52; Smith's Merc. L., 292, and note on p. 293.)

LOVELACE, Judge, delivered the opinion of the court.

Several preliminary questions have been raised upon the

evidence in this case, which can have no practicable bearing in a proper determination of the cause. It is complained that the court erred in refusing to suppress depositions upon the ground that no sufficient notice of the taking had been given; but, upon examining the depositions complained of, it turns out that the defendant cross-examined the witnesses, and surely a notice that actually brings the party notified to the place of taking the deposition ought to be regarded as sufficient.

It is also complained that the plaintiff was permitted to read part of a deposition and withdraw the part he had read, and not compelled to read the whole deposition; but the defendant was afterwards permitted to read the whole deposition, so it is difficult to see how any serious harm could result from this. But the principal difficulty in the case seems to be that issues made by the pleading were never submitted to the jury, or not properly submitted.

The answer of the defendant raises two material issues. One puts in issue the assignment of the note sued on to the plaintiff; and the other pleads payment of the note by the maker. The first of these issues, the assignment of the note, is perhaps incidentally submitted to the jury, but not in a way to induce them to attach much importance to it; and the other, the payment of the note, seems not to be submitted at all. The instructions treat the note as a bill that had passed regularly around, in the ordinary course of business, from the original payee to the plaintiffs, without noticing the fact that the plaintiff received it from the hands of an attorney in whose hands it had been placed, after maturity and protest for non-payment, for the purpose of collecting the same by suit. Instead of treating him as an attorney having a special authority over the note, the first instruction speaks of him as the *bona fide* holder of the note, with full power to transfer the same to whom he pleased. This instruction reads as follows, and is very justly complained of:

" If the jury believe from the evidence that the defendant Landis sold and transferred the note sued upon to Calhoun,

Sterling & Co., and that said Calhoun, Sterling & Co. afterwards endorsed the same in blank and delivered said note to one Henry Hitchcock, and that said Hitchcock sold and delivered said note to the plaintiff or his agent for value, then said transfer was good and valid, and plaintiff thereby became the owner of said note and is entitled to recover the amount thereof with interest and damages from the defendant, unless it is further shown by the evidence that the power of said Hitchcock over said note was limited to the collection thereof, and that plaintiff or his agent had notice of such limitation at the time of purchase."

Now it is very possible that a state of facts might arise upon which this instruction would be a correct declaration of law, but it is certainly not this case. The evidence was that the note was given to Henry Hitchcock as an attorney, for the purpose of collection; and it was the duty of the court to tell the jury what his powers were over the note, and only submit to them in what capacity he received it— whether in due course of trade, or as an attorney charged with the collection. It was perfectly competent for the jury to say in what capacity Hitchcock held the note. That was a question of fact; but his power over the note was a question of law for the court to determine; and on that subject it would hardly be contended that an attorney had power when he received a dishonored bill for the purpose of collecting the same by suit, to discount the bill and thereby render his clients liable as endorsers. And yet if the defendant Landis is liable as endorser, Calhoun, Sterling & Co., are also liable as endorsers. That would be forcing them into a contract of liability on the note without their knowledge and against their will. This instruction is clearly erroneous.

The second instruction is very little better, if any, than the first. It declares that "the endorsement of a note in blank by the holder or owner thereof to a third party, is *prima facie* evidence of the assignment of the same for a valuable consideration, and will vest a complete title to such

Goodfellow v. Landis.

instrument in any subsequent purchaser of the same." This would have been true as an abstract proposition of law, if it had been limited to such persons as receive the instrument in due course of trade. But the very circumstances under which a person receives an instrument of this kind after maturity, may entirely destroy the idea of its carrying with it title; and in such cases the jury ought to be told whether the facts probably proven by the evidence will warrant a conclusion of law of that kind. In other words, the instruction ought to hypothecate material facts which the evidence tends to prove, and declare the law upon those facts. A correct declaration of law that is not supported by facts which the evidence proves, or tends to prove, may go very far towards confusing a jury, and causing them to render an improper verdict; and such was certainly the tendency of this instruction, for it took entirely from their consideration the manner of the delivery of the note by Hitchcock to the plaintiff, which constitutes the whole defence in this cause. The question, whether the plaintiff received it in the ordinary course of trade, is either assumed or entirely ignored.

We see no objection to the other instructions given at the request of the plaintiff. They properly lay down the effect of the transaction between plaintiff and Calhoun, Sterling & Co., supposing it to have been a *bona fide* sale of the note.

The first instruction asked by the defendant was properly refused. That instruction undertakes to assert in general terms, that a person buying a note with a blank endorsement has no right to fill up the blank. This was an incorrect statement of the law, and the court very properly refused it.

On account of the misdirection of the jury in the first and second instructions asked by the plaintiff and given by the court, the cause is reversed and remanded to be re-tried in accordance with this opinion.