Patterson v. Cave, et al.

————o————

JAMES PATTERSON, Respondent, *vs.* JOHN T. CAVE, *et al.*, Appellants.

1. *Bills and notes—Transfer of negotiable paper without indorsement, effect of.* —A note negotiable by indorsement, but not indorsed in fact, and transferred simply by delivery, is open to equitable defences in like manner with non-negotiable paper.

2. *Note by infant—Disaffirmance—Liability of sureties.*—Where an infant gives his note for land purchased, and at his majority disaffirms the contract, the sureties on his note will not be liable.

*Appeal from Christian Circuit Court.*

*Gideon & Vaughan,* for Appellants, cited, Baker vs. Kennett, 54 Mo., 532; 1 Pars. Cont., 240, 5 ed.; id. 255; Cow. Treat., § 374; Southard vs. Porter, 43 N. H., 239; 13 Mass., 305; 3 Wend. 69.

*Patterson & Payne,* for Respondent, cited, Boeka vs. Nuella, 28 Mo., 180; Lewis vs. Bower, Adm'r, 29 Mo., 202; Schroeb. Dom. Rel., 535; 1 Pars. Bills and Notes, 254, § 2.

NAPTON, Judge, delivered the opinion of the court.

This was a suit upon the following note:

"Aug. 6, 1870. One day after date we, or either of us, promise to pay to the order of E. G. Williams, the sum of

one hundred and seventy-five dollars and twenty-five cents, for value received of him, negotiable and payable without defalcation or discount, bearing interest at the rate of ten per cent.

[Signed]

JOHN T. CAVE,
ELIZABETH CAVE,
D. M. CONN."

The plaintiff (Patterson) bought this note of the payee (Williams) at or about the time of its date.

The defence was this: Cave was a minor, about nineteen years old, and he and Williams agreed to exchange two tracts of land and make quit-claim deeds to each other, in conformity to the arrangement, and the note for $175, was given as the difference between the value of the two tracts. Cave afterwards repudiated the bargain, by refusing to make any deed, nor did Williams make any.

Cave's infancy was admitted; and there was no question as to any recovery against him, but a recovery against the adult signers of the note was claimed in favor of Patterson (the purchaser and plaintiff) on the ground that he was the holder of a negotiable note, indorsed to him before maturity, and was not apprised at the time of his purchase of the note, of any defenses against Williams. And there was much evidence in regard to this, and many instructions on both sides were given, which it is unnecessary to copy.

The case was tried on the theory that the plaintiff occupied the position of an endorsee of a negotiable note, indorsed before maturity, and therefore the only question of fact submitted to the jury was, whether the sale of the note took place before or after maturity, and whether the plaintiff was apprised of the defenses now set up in regard to the invalidity of the contract between the payee and the maker (Cave).

These questions were, however, of no importance. The note was not indorsed to Patterson; he merely bought it as any other commodity, and it was transferred to him by delivery, and it was worth no more in his hands than when in the possession of the payee.

This subject was thoroughly discussed in the leading case of Hedges vs. Seely (9 Bart. R., 214) and the doctrine there advanced has been incorporated into most of the text books on the subject, (Edwards Bills Prom. Notes, 286 ; 2 Pars. Bills and Notes, 46) and recognized by this court in Boeka vs. Nuella (28 Mo., 180). A transfer of a negotiable note by delivery does not clothe the assignee with all the rights of an endorsee of negotiable paper ; it gives him the title to the note, but subject to the rules applicable in the case of an assignment or any other chose in action. "In short" observes the Supreme Court of New York, in the case above cited, "a note negotiable by indorsement, but not indorsed, transferred by delivery, and a note not negotiable transferred by delivery, are equally open to every equitable defense which the maker had against it at the time of the transfer, and if the payee could not have recovered at that time the assignee could not." (Chit. Bills, 227, 241 ; 20 John, 144 ; 3 Kent Com., 79.)

That the defense in this case would avail the securities on the note, who were adults, as well as the infant, who made the contract, was decided by this court in Baker vs. Kennett. (54 Mo., 82.)

The minor refused to convey, and the payee also refused, and there was therefore no consideration for the note.

The judgment is reversed. The other judges concur.