SMITH, *Appellant*, v. JOHNSON.

**Principal and Agent**: SALE. An agent who holds a note for collection only, has no power to sell it. (Following *Goodfellow v. Landis*, 36 Mo. 168.)

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*Gage & Ladd* for appellant.

*John J. Cockrell* for respondent.

NORTON, J.—This is a suit to recover the possession of personal property. Plaintiff claims the property as trustee under a deed of trust made by W. K. Trabue to him to secure a debt of said Trabue to E. L. Martin & Co. The defendant basis his claim upon a prior mortgage made by Trabue to the J. M. Brunswick & Balke company. On the trial defendant obtained judgment, from which plaintiff has appealed to this court, and assigns for error the refusal of the trial court to receive proper evidence offered by plaintiff and giving improper and refusing proper instructions. The evidence tended to show that when the notes of Trabue made to the J. M. Brunswick & Balke company, and which were secured by a mortgage prior in date to that under which plaintiff claims, upon the property in suit, matured, they were placed in the hands of Mr. Elliot, an attorney, for collection, indorsed in blank by the Brunswick & Balke company, that defendant Johnson paid to Elliot the amount due on said notes, and, thereupon, the notes and mortgage

were handed by Elliot to him ; that subsequently Johnson, the defendant, through his attorney Logan, procured a sale of the mortgaged property, at which sale Logan became the purchaser and afteward transferred the property to Johnson.

During the progress of the trial plaintiff offered to show a release and satisfaction executed by the Brunswick & Balke company of the mortgage made to them, which evidence was, by the court, rejected. Upon this state of facts the question is presented whether an attorney who holds a note for collection only is invested with the power to sell and transfer it. This question is answered in the negative by the case of *Goodfellow v. Landis*, 36 Mo. 168. A sale or transfer of a note thus held passes no right to the vendee or transferee, unless the act of the attorney making the sale or transfer is ratified by the principal, and in this view we are of the opinion that the court erred in refusing to receive the evidence offered showing an acknowledgment of satisfaction of the mortgage by the Brunswick & Balke company, as it tended to rebut any presumption of ratification which might arise from the receipt of the money paid to Elliot by Johnson, by showing that it was received, not as the proceeds of a sale or transfer, but as full payment and satisfaction of the debt. For the error committed in rejecting this evidence and refusing the first and third of plaintiff's instructions, which give recognition to and are founded on the principle above stated, the judgment will be reversed and cause remanded, in which all concur.