## THE STATE *ex rel.* PETTS, *Appellant,* v. STALEY.

1. **Back Taxes**: JUSTICE'S JURISDICTION. Under the present law justices of the peace have jurisdiction of suits for the collection of back taxes, and if the summons be returned *non est,* may order publication to be made. R. S. 1879, §§ 6836, 6838.

2. ———: SUITS AGAINST PARTIES UNKNOWN: SERVICE BY PUBLICATION. Where persons unknown are made parties defendant to a suit for the collection of back taxes, the plaintiff must allege in his petition under oath that there are persons interested whose names he cannot insert because they are unknown to him, and he must describe their interests and how derived, so far as his knowledge extends; and the order of publication must recite all these allegations. Failure to observe these requirements will invalidate the proceedings.

*Appeal from Benton Circuit Court.*—HON. JAMES B. GANTI, Judge.

AFFIRMED.

This was a suit brought before a justice of the peace of Benton county by N. B. Petts as collector of that county against John R. Staley and the unknown heirs of John M. Staley, deceased, to enforce the State's lien for taxes due upon certain lots in the town of Warsaw. The constable having returned the defendants not found, an order of publication was made by the justice notifying them of the pendency of the suit and of its object and nature, and publication was duly made. There were no allegations, either in the petition or the order of publication, as to the interest of the unknown defendants in the land. At the return day of the order, the defendants not appearing, judgment was entered against them by default. A transcript of the

judgment was then filed in the office of the clerk of the circuit court and execution issued and levied on the land but before sale defendants appeared in the circuit court and moved to quash the execution on the ground that the justice had no jurisdiction either of the subject matter of the action or of the persons of the defendants. This motion was sustained and the plaintiff appealed.

*D. H. McIntyre*, Attorney General, for appellant.

*Johnson & Lucas* for respondent.

I.

SHERWOOD, C. J.—One question in this case, the jurisdiction of a justice of the peace to take cognizance of suits for the enforcement of the lien for back taxes, has been recently ruled in this court in favor of said jurisdiction, and in favor, also, of the authority of the justice, in the event the summons issued be returned *non est*, of ordering publication to be made, and we adhere to the ruling then made. *State ex rel. Van Brown v. Branham*, 75 Mo. 530.

II.

Section 6836, which we have already decided confers jurisdiction on justices of the peace, in cases of this sort, provides that " if the defendant or defendants fail to appear at the time and place required by said order, and defend said cause of action, judgment by default shall be rendered as prayed, which judgment shall be as binding and effectual against the property on which the lien is sought to be enforced as if there had been personal service on the defendant." But the following section, 6837, provides that " in the case of suits against non-resident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property." On turning to section 3499, relating to prac-

tice in civil cases, we find that before publication can be had against unknown parties the plaintiff is required to allege under oath that there are persons interested in the subject matter of the petition whose names he cannot insert therein because they are not known to him, describing the interest of such persons, and how derived so far as his knowledge extends, and that thereupon an order of publication is to be made, as in case of non-residents, which shall recite all allegations in relation to the interest of such unknown parties. We do not doubt that this section is to be considered as part and parcel of the revenue law, as far as concerns unknown defendants, and the proper method of procedure against them, since section 6837, as above seen, expressly refers to the method of service on such parties now provided by law in civil actions affecting real or personal property.

 This being true, we are not of opinion that the justice of the peace acquired any jurisdiction in the present instance. The prerequisites of the statute as heretofore set forth, had not been complied with, and consequently there was no basis on which the jurisdiction of the justice of the peace in the case before us could rest. That officer had, indeed, jurisdiction to act in that class of cases, because the statute conferred that jurisdiction upon him, but no jurisdiction to act in this particular case, because of the failure to set forth under oath, in the petition for the enforcement of the tax lien, the interest of the unknown heirs and how derived, and because of the further failure to recite in the order of publication all the allegations contained in the petition in relation to the interest of such unknown parties. Therefore, judgment affirmed. All concur.