QUIGLEY v. THE MEXICO SOUTHERN BANK, *Appellant*.

1. **Attorney**: NOTE HELD FOR COLLECTION ONLY: SALE WITHOUT AUTHORITY: LIABILITY OF PURCHASER. A bank is liable for the money collected on a note, where it was placed by the owner in the hands of an attorney for collection only, and the attorney, without the owner's authority, indorsed the latter's name thereon and sold it to the bank, which collected it from the maker ; and this is true, although the bank was ignorant of the unauthorized indorsement and

| | |
|---|---|
| 80 | 289 |
| 31a | 409 |
| 80 | 289 |
| 99 | 616 |
| 80 | 289 |
| 107 | 451 |
| 80 | 289 |
| 114 | 382 |
| 80 | 289 |
| 126 | 250 |
| 80 | 289 |
| 63a | 6 |
| 80 | 289 |
| 79a | 495 |
| 80 | 289 |
| f156 | 170 |
| 80 | 289 |
| 157 | 493 |

purchased the note in good faith for a full consideration and before maturity.

2. **Personal Judgments**: WHO CONCLUDED: PUBLICATION : STATUTE. Personal judgments conclude only parties and their privies, and cannot be invoked by strangers nor pleaded by them; nor can one be made a party to a suit under Revised Statutes, section 3499, when the petition and order of publication do not conform to the requirements of said section.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

Plaintiff, respondent here, sued defendant for money collected on a note made payable to the order of plaintiff, and signed by one William H. Woolwine as maker, which money so collected plaintiff averred had not been paid over to him. Defendant answered, setting up 1st, A general denial; 2nd, A special plea of *res adjudicata*.

Upon the trial there was evidence tending to show that plaintiff had left the note in controversy with one Henry S. Clark, an attorney, for collection only, and that he delivered it to said attorney without any indorsement, and took his receipt for it with other notes; that said Clark afterward, without plaintiff's authority, indorsed the latter's name on the note, and after, also, indorsing his (Clark's) own name on the note sold it to defendant as his own property. Plaintiff claimed the indorsement of his name by Clark to be a forgery, which defendant denied.

The second defense, viz: that of *res adjudicata*, arose out of the following facts, as appears by the record:

Plaintiff, in 1873, on the 15th day of November, sold to one William H. Woolwine, a piece of land, and said Woolwine executed his five promissory notes for the purchase money, four of said notes being for the sum of $200 each, due in one, two, three and four years from date, respectively, and one for $650, due in five years after date. After all of said notes became due Woolwine not being

able to find the two last named notes of the series, instituted suit setting up the execution of the above notes, and also a deed of trust on certain land conveyedto secure the notes, the payment of the three first which had matured, and that the remaining notes were due and outstanding and remained an incumbrance on his land.    He tendered the amount due on said notes and asked for a decree satisfying the deed of trust.    He sued respondent herein and others, as " unknown defendants," respondent being a non-resident; notice of said suit was given by publication, in which notice it was stated the object and general nature was to get an order to pay off certain notes " lost or destroyed and described as follows : "   Then follows the description, describing the last two notes of the series (neither of which is the note in controversy), and he asked to have removed the incumbrance on the land described, and conveyed to secure said notes.    Respondent in this suit, filed his answer therein, and admitted the execution of the notes and-deed of trust, and denied payment of any of the notes in said series, except the first, and averred that he delivered said notes to one Clark for collection only, and without indorsement, and if plaintiff had paid off said notes to any other than to his attorney, it was void as to plaintiff, and offered to satisfy said deed of trust upon the payment of said notes, and further answered that said notes, each and all of them, were beyond the control of plaintiff, and were either lost or destroyed.    Upon trial had it was shown by Woolwine that he had paid off and taken up the first three notes of the series, (the last of which is the note involved in this suit, and which was paid to appellant as its owner and holder,) and the court ordered said Woolwine to pay off the two remaining notes to respondent, and decreed that said incumbrance from said land be removed and canceled.

The court gave the following instructions at plaintiff's request against appellant's objection :

1.   If the jury believe from the evidence in the case that the note in dispute was left with Henry S. Clark for

collection only, and when so left plaintiff's name was not written thereon, that afterward said Clark, without authority from plaintiff, wrote his (plaintiff's) name on the back of the note, and without authority from plaintiff, sold and assigned the same to defendant, received the money therefor, and never paid to plaintiff the amount so collected, then the verdict should be for plaintiff for the amount of the note when collected, with six per cent interest thereon from the institution of this suit, to-wit, December 27th, 1879, to the present time, though they may further believe from the evidence that defendant was ignorant of such unauthorized indorsement, and purchased the note in good faith for full consideration before maturity.

2. The court instructs the jury that nothing contained in the record of the suit of Woolwine against Quigley and others, read in evidence, can operate as an estoppel to plaintiff's action in this case, and the jury are instructed to disregard all of said record evidence, and the same is withdrawn from their consideration.

The court, at appellant's request, gave the following instructions:

1. If the jury shall believe from the evidence in this case, that before the maturity of the note in dispute the defendant purchased and paid for said note in good faith, of the holder, H. S. Clark, and said note had been and then was indorsed by the plaintiff, either in person or by his authority, permission or consent, then the verdict must be for the defendant.

2. If the jury shall believe from the evidence in the case that the plaintiff indorsed the note in dispute, and left the same so indorsed with the said Henry S. Clark to hold and collect, or to discount and sell the same, or for any other purpose, and afterward, but before the same became due, the defendant, in good faith and for a valuable consideration, purchased said note so indorsed, and paid the purchase price thereof, then the verdict must be for the defendant, although the jury may believe from the evidence

in the case that said plaintiff gave the said Clark no directions to sell or to make any other disposition of the same.

3. The court instructs the jury that the burden of proof is upon the plaintiff to show that the name of the payee, Quigley, on the back of the note in dispute, was and is a forgery, and unless the plaintiff satisfies the jury by a preponderance of evidence in the case of this fact, then the verdict must be for the defendant.

*Forrist & Fry* for appellant.

Clark was the general agent for respondent as to the notes and deed of trust, and the real question, which was one for the jury, was whether, in selling the note to appellant, he was acting within the scope of his authority, and whether, under all the facts and circumstances, the respondent or appellant should bear the loss resulting from Clark's alleged misconduct. The first instruction for plaintiff withdrew these matters from the jury, and was, therefore, erroneous. *Davis v. Carson,* 69 Mo. 80, and cases cited; Ewell's Evans on Principal and Agent, side pages 2, 3; Story on Agency, (2 Ed.) § 443; *Rice v. Groffman,* 56 Mo. 435; *Whelan v. Reilly,* 61 Mo. 565. The court erred in excluding from the jury the record in *Woolwine v. Quigley.* 60 Mo. 25; 58 Mo. 61; *Iowa v. Etna, etc.,* 14 Conn. 501; *Kingley v. Davis,* 104 Mass. 178; *St. Louis Mut., etc., v. Cravens,* 69 Mo. 77; 1 Greenleaf Ev., §§ 527, 527 a; Freeman on Judg., §§ 417, 607, *et seq.*

*T. B. Buckner* with *Macfarlane & Trimble* for respondent.

An attorney, for collection only, has no power to sell, and a purchaser from him receives no title. *Goodfellow v. Landis,* 36 Mo. 168; *Smith v. Johnson,* 71 Mo. 382. On an instrument payable to "order," the indorsement of the payee is necessary to transfer the legal title. 1 Daniel Neg. Inst., § 664; *Hopkins v. Page,* 2 Brock. 20; *Hestene v. Will-*

*iamson,* 2 Bibb 83 ; *Russell v. Swon,* 16 Mass. 314; *Blakely v. Grant,* 6 Mass. 388. The record in suit of *Woolwine v. Quigleg* was properly excluded from the jury, appellant not having b eena party thereto.

SHERWOOD, J.—Action by Quigley to recover from the bank the amount due on a promissory note, which had been collected by the bank from Woolwine, the maker, Quigley being the payee and the note payable to his order. The bank claimed to be an innocent holder. There was testimony that the note in question was left with H. S. Clark, an attorney, for collection, and for no other purpose. There was testimony also that the note was not indorsed by the payee, and there was testimony of a contrary effect. The testimony also tended to show that the bank was a purchaser of the note before maturity, and for value, and that the name of Quigley was indorsed on the note.

The court instructed the jury, on the part of plaintiff, in substance, that if the note was left with Clark for collection only, and without plaintiff's indorsement, and Clark, without authority from plaintiff, indorsed the name of the latter on the note and sold the same to the bank, and afterward the latter collected the note and never paid the proceeds to plaintiff, then the jury should find for the plaintiff, although they should believe from the evidence that the bank was ignorant respecting such unauthorized indorsement, and purchased the note in good faith for a full consideration and before maturity.

The instructions in behalf of the bank were to the effect that if the note was purchased by it, in good faith and for a valuable consideration of Clark, and the note at the time of the purchase was indorsed either by the plaintiff, or by his authority, that the finding should be for the defendant, even though the evidence showed that Clark had no authority to sell the note. And the third instruction for the defendant told the jury that the burden of proof was on the plaintiff to show, by a preponderance of evidence, that

the indorsement of Quigley's name was a forgery. These instructions put the case very fairly to the jury. Perhaps, the last instruction went further than the law warrants, but as the judgment went in favor of plaintiff, it is unnecessary to comment on any supposed error which it may contain.

## I.

Where a principal clothes his agent with apparent title to a negotiable security, as, *ex. gr.*, by indorsing such a note in blank, and the agent, contrary to the commands of his principal, negotiates the note to one who purchases in good faith, before maturity, and for a valuable consideration, the act of the agent, though wholly unauthorized, will bind the principal as effectually as if no defect of authority existed. Story on Agency, § 443. For in such cases where one of two innocent persons must suffer, the one must be the sufferer who gave occasion to the commission of the wrong. *Ib.*

But if the testimony offered on behalf of the plaintiff be true, Clark had neither real nor apparent authority to transfer the note. If the indorsement was a forgery, the case stands here as if the instrument bore no indorsement at all. An attorney, who receives a note merely for collection, has no authority to make any other disposition of it. *Goodfellow v. Landis*, 36 Mo. 168; *Smith v. Johnson*, 71 Mo. 382. So that taking the testimony offered by plaintiff as true, the bank bought the note from one not authorized to sell it, and from one not possessing an apparent title. When a note payable " to order" is not indorsed by the payee, the transferee does not acquire the legal but only the equitable title, (1 Dan. on Neg. Inst., §§ 664 a, 741) ; and the transferee takes it as a new chose in action, and must aver and prove the consideration, and takes it subject to all the equities which attached to it in the hands of his transferer. *Ib; Boeka v. Nuella*, 28 Mo. 181. And though under our code the transferee may maintain an action on the note in his own name, where the transfer occurs by mere delivery,

this ability to sue in his own name cannot confer on him the rights or the status of him who has purchased an instrument transferable by mere delivery, or one payable to order and indorsed in blank. 1 Daniel Neg. Inst., *supra*; *Ib.*, §§ 321, 573. In short, such purchaser is not to be regarded as an indorser in the usual course of business. *Ib.*, §§ 621, 781 a. For these reasons the instructions on which we have commented furnish defendant no just ground for ˰omplaint.

## II.

Nor was there any error in the instruction which the court gave, that nothing contained in the record of the suit of *Woolwine v. Quigley* estopped the plaintiff in this action, and withdrew such record evidence from the consideration of the jury. The bank was not a party to that suit, and " it is a general principle fundamental to the doctrine of *res judicata*, that personal judgments conclude only parties to them and their privies," (Bigelow on Estop., 59 ; 1 Greenleaf Ev., § 535); and cannot be invoked by strangers nor pleaded by them. Freeman on Judg., § 154; *Henry v. Woods*, 77 Mo. 277 ; *McDonald v. Matney*, (decided present term).

## III.

Nor can the bank be regarded as made a party to that suit, because of the publication made, and, the petition filed being insufficient. The petition alleges that the " notes are either lost or destroyed, or that said notes have been assigned and delivered by defendant Quigley, or his agent, to and are held by parties to this plaintiff unknown," and that " the residence of the unknown defendants herein are unknown to plaintiff." This petition, it will be observed, does not comply with the provisions of section 3499, Revised Statutes 1879. Nor does the order of publication show any better compliance with that section, since it merely notifies " non-resident defendant Quigley and others unknown." See *State v. Staley*, 76 Mo. 158.

IV.

Furthermore, that publication only relates to the last two of the notes, and not to the one in suit.

V.

Moreover, the section of the statute referred to requires that in cases of this sort, where there are persons whose names are unknown to the plaintiff, he must make the proper allegation under oath. This was not done. His attorney made oath to the petition. It will be observed that the section in question differs from section 3494, for there the affidavit may be made by the "plaintiff or some person for him." "In all cases where constructive notice is substituted for actual notice, strict compliance is required." *Schell v. Leland*, 45 Mo. 289.

For these reasons the judgment should be affirmed. All concur.