Weber v. Orten.

91 677
34a 411
91 677
132 338
91 677
f156 170
f156 174

WEBER, *Administrator*, *Plaintiff in Error*, v. ORTEN *et al.*

Negotiable Note : TRANSFER WITHOUT INDORSEMENT : EQUITIES. A note, negotiable in character, but transferred without indorsement, is open to all the equities of a non-negotiable instrument, or to such as it would have been subject in the hands of the original payee.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

AFFIRMED.

*Smith, Silver & Brown, J. F. Bush* and *K. W. Weber* for plaintiff in error.

(1) The promissory note of Samuel C. Orten for twenty-five hundred dollars, containing the "name of the payee," "a promise of payment," and the words "for value received," is negotiable security under our statute. *Stillwell v. Craig*, 58 Mo. 24. (2) The deposit of the note as collateral security in the hands of plaintiff before maturity, was a negotiation of the note. *Logan v. Smith*, 62 Mo. 455. (3) And such negotiation before maturity debars the maker, Orten, from showing the matters which his answer pleads in defence. *Greer v. Yoste*, 56 Mo. 307; *Bennett v. Torlina*, 56 Mo. 309; *Franklin Sav. Inst. v. Heinsman*, 1 Mo. App. 336. (4) The facts warranted the relief plaintiff seeks. *Pickens v. Dorris*, 19 Mo. App. 1; *Pendleton v. Perkins*, 49 Mo. 565; *Lackland v. Garesché*, 56 Mo. 271; *Turner v. Adams*, 46 Mo. 95; 3 Pomeroy's Eq. 455. (5) McDaniel did not sign the defeasance agreement, and is, therefore, no party to it. *State v. Sandusky*, 46 Mo. 377; *Martin v. Almond*, 25 Mo. 313. (6) Be-

sides, the evidence shows that Orten did not use due diligence to sell the patent. Under the general prayer of relief, equity may grant any relief which plaintiff's allegations and proofs warrant. *Holland v. Anderson*, 38 Mo. 55; *Northcraft v. Martin*, 28 Mo. 469; *Snider v. Coleman*, 72 Mo. 568. (7) The mortgage was valid even without a separate note, given when it was executed. 1 Jones on Mortgages [3 Ed.] sec. 353. (8) A plea in abatement is waived by one to the merits. *Moody case*, 85 Mo. 237. (9) When one has induced another to accept a particular hypothesis, he shall not, afterwards, to the injury of that other, contradict that hypothesis. *Taylor v. Langrum*, 1 Mo. App. 312; *Lindell v. McLaughlin*, 30 Mo. 33; *Raley v. Williams*, 73 Mo. 310; *Pickard v. Sears*, 6 A. & E. 469. (10) A party cannot even encourage an act to be done, and then exercise a legal right in hostility to such act, to the injury of the party obeying his intimations. *Obnen v. Weed*, 92 U. S. 84-5. (11) Where a note is given on contingencies not therein expressed, their failure cannot be set up as a defence. *Henshaw v. Dutton*, 59 Mo. 139. When once delivered, it can only be defeated by some condition contained in the deed itself. *Parsons v. Parsons*, 45 Mo. 269. A return of the deed to the grantor does not revest title.

*D. A. Ball* for defendants in error.

(1) Neither the note nor deed of trust given by Orten to McDaniel was ever endorsed by McDaniel to plaintiff; neither was the note alleged to have been copied by defendant from the deed of trust and given to plaintiff, endorsed. This being true, plaintiff took them subject to any and all equities, even though it be a negotiable promissory note. 61 Mo. 439, and authorities cited. (2) The deed of trust was delivered as collateral security for a preëxisting debt, therefore, plaintiff

took it subject to all equities. 1 Mo. App. 119; 2 Mo. App. 106. The fact that plaintiff held the deed of trust gave him no security unless he also held the note; the note is the debt, and the deed of trust is the security for the debt. (3) The note alleged to have been copied from the deed of trust by Orten, and given to plaintiff, if true, is without any consideration. (4) If the said Felix G. Harrison had an interest in the note and deed of trust, plaintiff's remedy was by attachment and garnishment, and not a suit in equity, and especially is this true since, according to the petition' of plaintiff, Lazarus W. Pritchett, co-maker of the note to plaintiff with Harrison, resided in the county at the time suit was instituted. (5) It also appears that at the time of the institution of this suit the defendant had instituted a suit in equity against these same parties to cancel said note and deed of trust. (6) The agreement to surrender the note and deed of trust to Orten by McDaniel cannot be defeated by this proceeding, because the note was not delivered to plaintiff, and if it had been said Harrison had no interest in the same and no right or authority to give the same as collateral security. Harrison held the deed of trust in error. 67 Mo. 667; 49 Mo. 87; 59 Mo. 139. The question as to whether or not Harrison had an interest in the note and deed of trust was a question of proof, and the court decided the same for defendant and this court will not review the evidence.

SHERWOOD, J.—This proceeding in the court below was one of equitable garnishment, whereby the original plaintiff, John A. Weber, now deceased, sought to subject a certain promissory note and deed of trust to the payment of certain indebtedness due by one of the defendants, Felix G. Harrison, to the original plaintiff, on the ground that Harrison owned one moiety of the promissory note, although the same was made payable

to W. H. McDaniel or order. Harrison had become non-resident prior to the institution of this suit. The answer of Orten, the maker of the note and deed of trust, pleaded failure of consideration, fraud in obtaining the note and deed of trust, and an agreement in writing in the nature of a defeasance, though not recorded, for their surrender upon the happening of certain contingencies. The deed of trust was given to secure the payment of a debt contracted for a certain interest in a *beehive* patent, and the defeasance was to accomplish the cancellation or release of the debt and the deed of trust in the event that expectations in regard to the patent aforesaid should not be realized. The testimony of Orten went to sustain the averments of his answer, and there was testimony of a contrary effect. Orten denies having executed the note to W. H. McDaniels and handing the same to John A. Weber, deceased, with the intention that it should operate as collateral security for Harrison's debt, and there was rebutting testimony.

The above gives a sufficient outline of the salient points of this case and affords sufficient basis for the rulings necessary to be made herein. It does not appear that Jno. A. Weber, deceased, had actual notice of the terms and conditions upon which Orten bought the *beehive* patent and incurred the indebtedness secured by the deed of trust; nor is it material that notice of such a character should have been brought home to him, and this is the reason of it: The note as already seen, was, it is true, a negotiable note, being made payable to W. H. McDaniels or order; but, inasmuch as he had not indorsed it, the lack of such indorsement rendered the note, to all intents and purposes, the same in the hands of Jno. A. Weber, as if it were a non-negotiable instrument, and it was, therefore, subject to all the equities to which it would have been subject had it been non-negotiable in form, or had remained in the hands of the original payee. This rule of commercial law is firmly

established. *Patterson v. Cave*, 61 Mo. 439, and cas. cit.; 1 Dan. Neg. Inst., secs. 321, 573, 644*a*, 741; *Quigley v. Bank*, 80 Mo. 289.

In consequence of the foregoing, plaintiff's intestate took not a legal, but only an equitable, title to the note. This being the case, the law of constructive notice carried home to John A. Weber knowledge of the defeasance aforesaid, in so far as to preclude him from pleading ignorance of the defeasance. These considerations settle the main point in this case.

In relation to the other points of this case, as, for instance, the failure of consideration, fraud, etc., seeing no reason in this instance for departing from our custom of deferring somewhat to the trial court in its determination of questions of fact, we shall observe the rule now and affirm the judgment which the defendants recovered in the lower court. All concur,