THE STATE v. STEBBINS, *Appellant*.

Division Two, February 4, 1896.

1. **Criminal Law**: EMBEZZLEMENT: STATUTE. Under section 3550, Revised Statutes, 1889, providing for the punishment of any officer embezzling any evidence of debts belonging to the corporation "negotiable by delivery only," a conviction can not be had for converting to his own use, before issuance by the corporation, a note of the corporation payable to his order.

2. ———: ———: ———. Under section 3549, Revised Statutes, 1889, providing for the punishment of any officer of a corporation converting to his own use any "money, goods, rights in action, or valuable security or effects whatever," a conviction can not be sustained for converting to his own use, before issuance by the corporation, a note of the corporation payable to the officer's order.

*Appeal from St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Thomas M. Knapp* for appellant.

(1) The indictment is insufficient as to the offense of which the appellant was convicted. The instructions

did not cover the law in the case and are incorrect. The court should have instructed the jury as to what elements constitute the crime of embezzlement as distinguished from the crime of larceny or that of criminal conversion to his own use. *State v. Simmons*, 71 Mo. 540. There is error on the face of the record. The court erred in refusing to give the instructions asked for defendant. (2) A person, not a party to a note, who writes his name on the back thereof before the same has been negotiated, is to be deemed an original promisor, and treated in that capacity. The ground upon which a party was held to be an original promisor was because he was supposed to be a participant of the consideration. *Powell v. Thomas*, 7 Mo. 440; *Lewis v. Harvey*, 18 Mo. 740; *Stagg v. Linnenfelser*, 59 Mo. 336; *Semple v. Turner*, 65 Mo. 696; 64 Mo. 193. (3) A man can not be convicted of the larceny of a deed made and executed to himself. *People v. McKinley*, 9 Cal. 250. (4) The thing stolen must be "another's." 4 Bl. Com., 229; 2 Bishop Crim. Law, secs. 789, 758, note. (5) No writing which is fictitious, or which, although genuine in signature, has not been made effective by being issued or delivered as a valid paper, can be the subject of larceny under our law. *Converse v. Cook*, 31 Hun, 417.

*R. F. Walker*, attorney general, *Morton Jourdan*, assistant attorney general, *Wm. Zachritz*, circuit attorney, and *C. O. Bishop* for the state.

(1) The indictment is in proper form, and correctly charged the defendant with the offense of embezzlement under Revised Statutes of 1889, sections 3549 and 3550. By the former section it is made an offense to embezzle "any effects whatsoever," and by the latter it is provided that every embezzlement of "any evidence

of debt, negotiable by delivery only, and actually exe-
cuted by the master or employer of such * * * officer
* * * but not delivered or issued as a valid instrument,"
shall be deemed an offense under section 3549, and
punished accordingly.    The indictment is in the
language of the statute, and is sufficient.    There are
no errors apparent on the record proper.    (2)    There
was no testimony admitted over the objection of the
appellant which was incompetent or irrelevant.    The
demurrer to the evidence was properly overruled; the
evidence made a clear case of embezzlement under the
two sections of the Revised Statutes, *supra*.    The
transcript of the civil suit upon the note was rightfully
excluded as being wholly incompetent and irrelevant
for any purpose and it does not appear from the record
what was appellant's purpose in introducing it.    (3)
The instructions given by the court fully covered and
correctly declared the law of the case.    (4)    The value
of the property alleged to have been stolen or embez-
zled is determined by the statute.    Sec. 3539, R. S.
1889.

GANTT, P. J.—The defendant was indicted at the
July term, 1894, of the St. Louis criminal court for the
embezzlement of a certain negotiable promissory note,
payable to his order, executed by the Suburban Realty
Company, a corporation of which he was treasurer,
and others, but which had not yet been issued or deliv-
ered.    He was duly arraigned, and was granted a
change of venue to St. Charles county, where he was
tried, convicted, and sentenced to the penitentiary.

The indictment (omitting formal parts) is as fol-
lows:

"That Lovell W. Stebbins on the nineteenth day of
July, 1893, in the city of St. Louis, being then and
there an officer, to wit: treasurer of and for the Sub-

urban Realty Company, an incorporated company cre-
ated and existing under and by virtue of the laws of
the state of Missouri  *  *  *  a certain negotiable
promissory note and evidence of debt in words and fig-
ures as follows:
" '$1,525.          St. Louis, Mo., April 17, 1893.

"  'Ninety days after date the Suburban Realty
Company promises to pay to the order of L. W. Steb-
bins, treasurer, fifteen hundred and twenty-five dollars.
Value received, negotiable and payable without defal-
cation or discount, with interest from maturity at 8 per
cent per annum.

                    " 'SUBURBAN REALTY COMPANY.
                    " 'GEORGE T. PARKER, Pres.'

"On the back of which said negotiable promissory
note and evidence of debt was then indorsed in words
and figures the following:
    '  *  *  *  L. W. Stebbins, treasurer, George T.
Parker, F. C. Thompson, L. W. Stebbins, Stebbins–
Thompson Realty Company, by L. W. Stebbins, treas-
urer,' the said negotiable promissory note and evidence
of debt having been executed by the said incorporated
company, the employer of the said L. W. Stebbins,
*and being negotiable on delivery and not having been issued
or delivered to the said L. W. Stebbins as a valid instru-
ment,* of the value of fifteen hundred and twenty-five
dollars, the negotiable promissory note, evidence of
debt, effects, and personal property of the said incor-
porated company, then and there fraudulently did
embezzle and convert to his own use, without the
assent of the said incorporated company, his employer,
which said negotiable promissory note and evidence of
debt had then and there come into the possession and
care of him, the said Lovell W. Stebbins, by virtue of

his said employment as such officer as aforesaid of said incorporated company, contrary," etc.

The defense was and is based upon this proposition: That upon the face of the indictment and the corresponding proofs it appeared that the defendant was the treasurer of the corporation; that after the note was drawn and signed by the officers of the corporation and indorsed by the directors for its benefit to obtain the money, it was left in defendant's hands as its treasurer; this being true it was still in the hands of the maker and had not been delivered, and consequently it had no value and, therefore, was not the subject of larceny, and any value it might subsequently acquire by negotiation to an innocent purchaser for value and without notice of defendant's breach of confidence and duty could not relate back and render it of value or the subject of larceny *at the time he embezzled it* for negotiation; that the indictment attempts to charge an offense under section 3550, which applies to evidences of debt *"negotiable by delivery only"* and yet it charges on its face that it was payable "to order of Stebbins."

This objection must be considered in the light of our statutes. This indictment is drawn under section 3550, Revised Statutes of Missouri, 1889, which reads: "Every embezzlement *of any evidence of debt, negotiable by delivery only, and actually executed by the master or employer of such clerk, agent, officer, or servant, but not delivered or issued as a valid instrument,* shall be deemed an offense within the meaning of the last preceding section, and punished accordingly."

Section 3549 provides that: "If any agent, clerk, apprentice, servant, or collector of any private person, or of any copartnership, except persons so employed under the age of sixteen years, or if any officer, agent, clerk, servant, or collector of any incorporated com-

pany, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make way with or secrete, with intent to embezzle or convert to his own use, without the assent of his master or employer, any money, goods, rights in action, or valuable security or effects whatsoever, belonging to any other person, which shall have come into his possession or under his care by virtue of such employment or office, he shall, upon conviction, be punished in the manner prescribed by law for stealing property of the kind or the value of the articles so embezzled, taken, or secreted."

That this indictment was intended to charge an offense under section 3550 is evident from the fact that it follows the language of that section, but it is obvious that it does not charge a violation of that section, nor will the evidence sustain a conviction under that section.

The legislature doubtless could have made it a crime for any clerk, agent, officer, or servant to convert any evidence of debt which by its terms was negotiable, and which had been executed by his master or employer but not delivered or issued as a valid instrument, but it did not. It only made it criminal embezzlement to convert such evidences of debts so prepared and not delivered or issued as were "*negotiable by delivery only.*" It is true the indictment charges in one clause this note was negotiable by delivery only, but this averment is repugnant to the other allegation describing the note which it avers he converted and which is set out *in haec verba*, which shows the note was payable "*to the order of L. W. Stebbins*" and not to bearer, nor does it aver an indorsement in blank by him as payee.

While this note was negotiable it was not negotiable "by delivery only" but by indorsement of the

defendant. It is conceded by the state that it was not indorsed by him as payee in blank when it was committed to his keeping and by him converted to his own use. *Dorn v. Parsons*, 56 Mo. 601; *Patterson v. Cave*, 61 Mo. 439; *Weber v. Orten*, 91 Mo. 677; 1 Daniel Neg. Inst., secs. 1, 573, 664a, 741.

By thus restricting the character of the paper which might be embezzled to evidences of debt "negotiable by delivery only," the legislature evidently intended not to include paper negotiable only by indorsement, and as this is a criminal statute it can not be extended to include other evidences of debt, however strong the reason may appear why they could, also, have been included in the statute.

Neither can the indictment be held good under section 3549. The intention of the legislature must be ascertained from the words of the law, and when it defined what things should be the subject of embezzlement, it enumerated "money, goods, rights in action, or valuable security, or effects whatsoever belonging to any other person." Now, this note so long as it remained in the hands of the defendant, the lawful custodian, not delivered or issued, represented no value whatever. It was not a chose in action. It represented no debt or obligation. It was no more than a blank paper. *Carter v. McClintock*, 29 Mo. 464; *People v. Loomis*, 4 Denio, 380. It had no value and was not the subject of embezzlement.

And that this was the mind of the general assembly is evinced by the next section, which was intended to make certain negotiable paper the subject of embezzlement even though not delivered or issued, and the note described in the indictment does not fall in the class therein designated. The statute is highly beneficial and might be extended to include paper negotiable by indorsement, but until this is done a breach of trust,

Sherwood v. Railway Co.

such as this, however flagrant, is not a crime under our statutes. It is our duty to declare, not to make, the law. The defendant having raised the point in every conceivable-way, the court erred in not sustaining it. The judgment is reversed and the cause remanded. SHERWOOD and BURGESS, JJ., concur.