Shippen President.
This is a motion in arrest of judgment, on the ground that no consideration is laid in the declaration to found the assumpsit upon: And as it tends to destroy the Plaintiff’s action after a verdict given in his favor upon the merits, the Court would afford every aid in its power, confidently with law, to carry the verdict into effect; but they must not depart from the established principles of law, which are wisely calculated for general cases, although in particular ones they may sometimes appear to be hard.
The declaration states, that “the Defendant Jacob Miller gave “his promissory note to one George Jesserow for £.20. payable to “him or his order; that by virtue of the statute the said Jacob be-“came thereupon liable to pay to the said George, or his order, the “said sum of £.20. That the said George afterwards for a valuable “consideration bargained and sold the said note to the Plaintiff, and “delivered him possession of it; and that in consideration thereof, the “Defendant assumed and promised to pay the £.20. to the Plaintiff, “according to the tenor and effect of the said note.”
The question is, whether the sale and delivery of the note to the Plaintiff is of itself, without any indorsement or assignment, a legal ground of the assumpsit; for no other consideration is laid.
The note is a negotiable note, payable to Jesserow, or his order; the remedy, therefore, as upon the instrument itself, is confined to Jesserow, or his order; and it would, indeed, be confined to Jesserow himself, as a chose in action, if the act of Parliament, or act of Assembly, did not enable an assignee to sue in his own name. *371 There must then be some collateral matter, some injury to the Plaintiff, or benefit to the Defendant, in the consideration itself, laid as a ground for the assumption. If the Defendant had promised to the Plaintiff, having possession of the note, and a power to sue for the money (though not in his own name) that if he would sorbear to sue him, he would pay it; or, if the promise had been in consideration of his delivering the note up to be cancelled; there promises, though made to a person not having an assignment of the note, would perhaps have been sufficient to ground an assumpsit upon. But this is a bare promise to pay to the Plaintiff, a stranger, in consideration of a sale and delivery of the note by the payee to him, a consideration moving neither to, nor from, the Defendant, and which could not redound either to his benefit or injury-Besides, the promise laid, is to pay to the Plaintiff, according to the tenor and effect of the note, and the tenor and effect of the note was to pay to Jesserow, or his order, and not to any person to whom he should sell and deliver it. If the note had been payable to Jesserow, or Bearer, a bona fide purchaser of it might have maintained the action; because such notes pass by delivery: But a note payable to order, must be assigned, to enable the holder to bring the action in his own name.
Bonds in England are every day assigned, attended with irrevocable powers to sue for the assignees use: Such an assignment one would think would be full evidence of a sale and delivery, yet no actions are ever brought on that ground, but always in the name of the obligees.
We would intend every thing we could to support the verdict; but we cannot intend a consideration quite different from that which is laid, which we must do in the present cafe, if we were to give our opinion in favor of the Plaintiff.
The judgment, therefore, must be arrested.