### Billings *vs.* Jane.

A person to whom a promissory note, payable to order, has been sold and delivered, previous to its becoming due, for a full and valuable consideration, may maintain an action thereon, in his own name, without alledging an indorsement of the note to him.

The plaintiff declared on a promissory note of which the following is a copy: " For value received I promise to pay to the order of F. U. Fenno one hundred and fifty dollars with interest, by the first day of December next. Dated May 9, 1845." The complaint alledged that F. U. Fenno sold and delivered said note to the plaintiff before it was due, for a full and valuable consideration. The defendant demurred to the complaint, upon the ground that Fenno, to whose order the note was made payable, did not indorse it to the plaintiff, and that the plaintiff could not therefore maintain this action in his own name.

Johnson *v.* Cayuga and Susquehanna Railroad Company.

*H. Sturges*, for the plaintiff.

*F. U. Fenno*, for the defendant.

*By the Court*, SHANKLAND, J. We are of opinion the demurrer can not be sustained, for the reason that although by the commercial law such paper is negotiable, and negotiated by indorsement only, yet it has been holden, before the code, that the property in the note passes by actual delivery, and that the owner may sue, in the name of the payee, for his own benefit. (10 *B. & C.* 122. *Chit. on Bills*, 204. 13 *Mass. Rep.* 305.)

The code, by the 111th section, has now made it proper, and indeed necessary, to sue in the name of the actual owner, or real party in interest. Here the plaintiff is the actual owner, and real party in interest, of the note sued on. He purchased it for a valuable consideration, and took the actual delivery of it from the payee and former owner.

Whether the plaintiff is protected from a set-off or other defense which the defendant may have against Fenno, within the protection given to assignees in good faith, by the last clause of section 112, it is not necessary now to decide.

The demurrer is overruled, and judgment ordered for the plaintiff, unless the defendant answers in twenty days, on payment of costs of this demurrer.