## PHILIP H. COOMBS *versus* WARREN.

The property in negotiable notes may pass by delivery, without indorsement.

A town or city tax cannot lawfully be assessed to the mortgagee of land, who is not in possession, and has never entered to foreclose.

If so assessed, a sale made by the collector for payment of the tax gives no title.

A levy of mortgaged land on execution against the mortgagee, who is not in possession and has never entered to foreclose, passes no title.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

WRIT OF ENTRY for two small parcels of land in Bangor.

The evidence was submitted to the Court, with power to draw inferences of fact.

As to the first parcel, called B, the demandant read a mortgage of a thirty-eight acre lot, including parcel B, made in 1835 to Philip Coombs to secure certain notes payable in 1839, and assigned by said Philip to the demandant in 1843. He also introduced five of the mortgage notes unindorsed.

The tenant claims title to the thirty-eight acre lot by a collector's deed to himself, upon a sale for a city tax assessed in 1839 against said Philip Coombs. He also proved a levy of the thirty-eight acre lot, made in 1839, on execution against Philip Coombs; and a conveyance made in 1843, from the levying creditor to the tenant.

As to the second parcel, called C, the demandant read another mortgage, made in 1835, to Philip Coombs, and assigned to the demandant in 1844, and introduced four of the mortgage notes indorsed in blank.

The tenant claimed title to lot C, under the same tax deed. Japheth Gilman, a witness for the tenant, testified that Philip Coombs formerly occupied this parcel. One of the assessors of 1840 testified that in that year, having in his hand said Philip Coombs' inventory of taxables for 1839, he called for an inventory for 1840; and Coombs gave in the same land which had been taxed to him in 1840; that he gave in the thirty-eight acre lot and also the lot C.

The tenant also introduced a disclosure made in 1844, under oath, by Philip Coombs and this demandant.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

WELLS, J. — The demandant is the assignee of two mortgages made to Philip Coombs. Five of the notes, to secure which one of the mortgages was given, were not indorsed. The assignment of the mortgage conveyed the legal interest in it to the demandant. The property in the notes would pass without an indorsement of them. *Jones* v. *Witter*, 13 Mass. 304. The notes were in the possession of the demandant, and produced by him in evidence, and there is nothing to show that he was not the owner of them.

It is contended, that the tenant has acquired a title to the premises by the purchase of them, at a sale made by the collector of taxes for the city of Bangor in 1839. Both parcels of land were situate in Bangor, and were taxed in that year to Philip Coombs, the mortgagee, and then owner of the mortgages and resident in that city. Were they taxable to Philip Coombs? By the statute of 1821, chap. 116, sect. 15, taxes are required to be assessed, "according to the rules that shall be prescribed in and by this Act, and the then last tax Act of the Legislature," &c. By the second section of the tax Act of 1835, the assessors are required to make their assessment "upon the respective inhabitants thereof, according to the value of the real estate therein owned or possessed, by each of them, on the first day of May next, either in his own right or the right of others, improved or not improved," &c. By this Act, the inhabitant taxed must be the owner or possessor of the real estate, upon which the tax is assessed. The Act of March 6, 1838, chap. 313, sect. 2, provides "that all real estate, &c. may be taxed to the tenants in possession or to the owners thereof," &c. Between the mortgager and mortgagee, the latter is regarded as the owner, but in relation to other persons the former is so regarded, but he cannot authorize others to do any acts, which would impair the per-

manent estate. The mortgagee holds the title for security and may recover possession of the estate, but when his debt is paid, he ceases to have any claim upon it. He cannot therefore be taxed as the owner of the estate, the ownership for that purpose being in the mortgager, but may be for the money due to him upon the mortgage. If he is in possession, by the terms of the statutes, he may be taxed for the land mortgaged. The burden of proof is on the tenant to establish his title under the sale for taxes. By merely showing that Philip Coombs was mortgagee, he does not show, that Philip Coombs was taxable for the property. It must be proved by the tenant that the mortgagee was in possession.

It does not appear from the testimony of Japheth Gilman, that the mortgagee occupied the land in 1839. The witness says, that he formerly occupied the small lot, but does not state how many years ago it was, or when the occupation ceased. Because the mortgagee gave in to the witness the lands to be taxed in 1840, it cannot be inferred, that he was in possession of them the year before, and it is unnecessary to consider the question raised, whether such declaration of the mortgagee would be admissible against the demandant. It appears, that the debt, for which the mortgage containing thirty-eight acres was given, was not due until August, 1839, a period subsequent to the assessment of the taxes, and it is not usual for mortgagees to take possession until there is a breach of the condition in the mortgage. This circumstance has some weight in the evidence presented. But independently of that consideration, there is not sufficient evidence to show the mortgagee in possession in 1839, the year when the taxes were assessed.

By the Act of February 10, 1823, ch. 229, the assessors were authorized to assess improved lands, houses or tenements, to the tenants in possession of the same, or to the owners, whether they resided in this State or elsewhere, and the collectors were authorized to collect such taxes in the manner pointed out in the thirtieth section of the Act, to which that Act was additional. And the Act of 1838, before mentioned,

provides, " that for all taxes hereafter legally assessed, on real estate belonging to resident proprietors, &c. the same remedies may be had for collecting the same as is now provided by law for the assessment and collection of taxes on the estates of non-resident proprietors." By this Act it appears, that the mode provided for selling the real estate of resident and non-resident proprietors was the same. The Act of March 12, 1831, ch. 501, § 2, declares what evidence shall be deemed conclusive of the purchaser's title to real estate sold for taxes.

But that Act must be taken in connection with the other Acts, which have been mentioned, to carry into effect the intention of the Legislature. And whatever is required by them, in addition to what is stated in that Act to be sufficient, must also be proved. So that the evidence mentioned in that Act will be conclusive, when the estate is taxed to the owner or tenant in possession. And when it is properly taxed to a proprietor or owner unknown, it will then be taxed to the owner. This construction is strengthened by the consideration, that if the assessment were held to be conclusive in relation to ownership, lands, not liable to taxation at all, might be taxed to a person not the owner, and by a sale the lawful owner be deprived of them. But if the determination of the assessors were conclusive as to ownership, such result would follow. And as the same law applies to all cases, it must be held conclusive in all or none, and the inference is, that it was not intended to be conclusive in that respect in any case. When real estate is taxed and advertised to be sold as the property of one, and it belongs to another, if the latter could ascertain from an accurate inspection on examination of the description, that it was his land, the statement that it belonged to another would serve to deter him from making any. The ownership of the premises being in the mortgager for the purposes of taxation, the tenant acquired no title to them by the assessment and sale of them as the property of the mortgagee.

If the mortgagee, in his disclosure made in 1837, denied that he was the owner of any property, while he was the

owner of the mortgages, such declaration would not convey his title to the tenant, nor prevent him from conveying it to the demandant.

The levy, under which the tenant claims one of the parcels of land, was made upon it as the property of the mortgagee. Such interest before foreclosure is perfected cannot be taken by a levy. *Smith* v. *Peoples' Bank*, 24 Maine, 185. It does not appear, that the mortgagee made any entry upon the mortgaged premises, or took any measures to foreclose.

As none of the grounds of defence presented by the tenant can prevail, judgment must be rendered for the demandant.

*Judgment for the demandant.*

*Fessenden,* for the demandant.

*Cutting,* for the tenant.