## FREEMAN *vs.* PERRY AND ANOTHER.

The purchaser of a negotiable promissory note, not endorsed by the payee, has only an equitable interest therein; and an action upon the same must be brought in the name of the payee.

The assignees of an insolvent debtor, under the insolvent act of the state of Massachusetts, acquire the same interest in debts due the assignor, or to another person for him, which such debtor had, at the time of the assignment.

Therefore, where a negotiable promissory note, not indorsed by the payee, was sold and delivered to a resident of the state of Massachusetts, and the purchaser afterward becoming insolvent, said note passed into the hands of his assignees, under the insolvent act of said state; it was held, that an action on said note was properly brought in the name of the payee.

THIS was an action, brought against Joseph H. Perry & Co., in the name of George Freeman, the payee of a nego-

tiable promissory note, executed by the defendants, July 14th, 1839, payable to the payee, or order, on demand with interest.

The defendants pleaded sundry pleas in bar, upon the allegations in which pleas issues were joined; and the cause was tried thereon, before the superior court for Windham county, at the term holden in October, 1852.

On the trial it was admitted, that the respective parties to said action were, and during all the time relied upon by either party had been, citizens and residents of the commonwealth of Massachusetts ; that said note, although negotiable in its form, had never been endorsed nor transferred by endorsement; but that, for a valuable consideration, it had been sold and assigned and delivered by the said Freeman, the payee thereof, to one Otis Mixer, a citizen of said commonwealth, who prosecuted said action, in the name of the nominal plaintiff.

The defendant introduced evidence to prove, that, after due proceedings had, under the then bankrupt laws of the United States, they were duly declared bankrupts, and discharged from their debts, under said law, in the district of Massachusetts, and received, in due form, a certificate of discharge, and that said Mixer proved said note, under said proceedings, and received a dividend thereon ; that, while said Mixer continued to own and possess said note, in the year 1844, he instituted proceedings in insolvency, before a court of probate, in said commonwealth of Massachusetts, and was duly discharged from his debts. An assignee was appointed, and acted under said laws and proceedings ; but the note was not, in fact, assigned nor delivered to said assignee, by Mixer, nor did the assignee ever have possession, or knowledge of the same, and it was retained by Mixer, because the defendants had been discharged in bankruptcy. Said Mixer had not fully paid all the debts due from him, prior to his insolvency.

The plaintiff claimed to have proved, that, in the year 1846, the defendants paid to said Mixer, twenty dollars, on

Freeman *v.* Perry and another.

said note, and promised to pay to him the full amount thereof; that, in June, 1848, the defendants paid the further sum of $21, on said note, and then again promised to him to pay the full amount thereof, and afterward, the defendants acknowledged the balance to be due on said note, and that the same was an existing debt against them, which the defendants denied.

The defendants requested the court to instruct the jury, that, if they found that they had made the several promises of payment the plaintiff claimed, this action could not be sustained by him, on the ground solely, that, by virtue of the proceedings under the insolvent laws of Massachusetts, the note or debt in question became the property of the assignee of the said Mixer's estate, and that, by virtue of said laws and proceedings under them, he had the sole legal interest in said note or debt, and could alone sustain an action to recover it.

The court did not so charge the jury; but instructed them, that, if they should find that, after the said assignment by, and discharge of, the said Mixer, under and by virtue of the proceedings by the said court of probate, in the commonwealth of Massachusetts, in said matter of insolvency, as claimed by the defendants, they expressly and without condition, promised said Mixer to pay said debt or note, as the plaintiff claimed, the plaintiff was entitled to recover, notwithstanding this objection of the defendants; but, if no such promise was proved, and if the defendants had only recognized the existence of said note or debt as still due, without any such promise to pay it, then the action could not be sustained.

The jury having returned a verdict for the plaintiff, for the balance due on said note, with interest, the defendants thereupon moved for a new trial.

*T. E. Graves,* in support of the motion.

*Hovey* and *E. Perkins,* contra.

STORRS, J. We shall confine ourselves to the question presented to us by the parties, on the argument of this case, irrespective of the sufficiency or regularity of the pleadings, to which neither of the parties has taken any exception.

From the statement in this motion, we must consider, that it was conceded by the defendants, on the trial, and it has not been questioned before us, that the promise claimed, and found by the jury, to have been proved by the plaintiff, would revive the note declared on, and render the defendants liable upon it; but the defendants claimed, and requested the court to instruct the jury, that, if such promise was proved, the plaintiff could not maintain this action; but that it should have been brought, in the name of the assignees of Mixer. To this claim, the court did not accede, but charged them, that, in that case, the plaintiff should recover. The only question is, whether that charge was correct; and that depends on the enquiry, whether the plaintiff had the legal title to the note. For, it is obvious, that, whoever may have any equitable interest in it, an action at law on it must be brought by the person who has the legal title.

If this question is considered, independently of the effect of the proceedings in insolvency, in Massachusetts, there is no doubt that the legal title was in the plaintiff. The note was negotiable, being drawn payable to the plaintiff or his order; but the legal title to it was never transferred by his endorsement, and therefore he retained it. It was indeed sold, assigned and delivered by him, to Mixer; but as it was never endorsed to him, he acquired only an equitable interest in it. He must, therefore, have enforced it, by an action in the name of the plaintiff, who was a trustee for him. Mixer thus having only an equitable interest, the legal title could not have been acquired from him, by his assignees, or any other person, unless by virtue of the insolvent act of the state of Massachusetts, under which, the proceedings in insolvency took place. Whether, if, by the provisions of that act, a legal title to this note would be deemed by the courts

of that state, to be vested in the assignees, the courts of this state would recognize such a title, and allow an action at law to be sustained on it here in their favor, it is not necessary for us to determine ; because, on examining the provisions of that act, we are of opinion that, by a just construction of it, no such title to this note, under the circumstances attending it, was vested, by virtue of those proceedings, in the assignees, and that it would be so held in that state.

The effect of the assignment of the estate of a debtor who shall take the benefit of that act, is prescribed, in the fifth section, which, after providing how it shall be made, and that it shall be of " all the estate, real and personal, of the debtor, excepting such as may be by law exempted from attachment, with all his deeds, books and papers relating thereto," declares, that it shall "vest in the assignees all the property of the debtor, both real and personal, which he could by any way or means, have lawfully sold, assigned or conveyed, and also all debts due to the debtor, or to any person for his use, and all liens and securities therefor." And then, after providing that the debtor shall do all such acts as may be necessary or useful, to confirm the assignment, and enable the assignees to recover the effects assigned, it declares, that the "assignees shall have the like remedy to recover all the said estate, debts and effects, in their own name, as the debtor might have had, if no such assignment had been made." We think that it was plainly the object of these provisions, in regard to debts due to the debtor, or to any person for his use, to vest all his interest in them, by the assignment, in his assignees, and to place them exactly in his situation ; and that the nature of the title which should be transferred to them in those debts, should be the same, whether legal or equitable, as that which the debtor himself had, and no other. As to debts due to him directly, and to which he had a legal title, and which, therefore, he could recover, in an action in his own

name, it was obviously very important, for the purposes of the trust imposed on the assignees, that such title should be transferred to, and vested in, them, in order that the business might be transacted in their own names; but, in regard to debts due to other persons, for the use of the debtor, and in which he had only an equitable interest, it could produce no benefit, and indeed might be very inconvenient, if not unjust, to vest a legal title to them in the assignees. It would be sufficient to transfer to them the same equitable interest in those debts which the debtor had, and that, would be the effect of the assignment, as to those debts, because an assignment of an equitable claim transfers only an interest of the same character. But, as an assignment of a legal claim would also transfer only an equitable title to it, excepting in cases of negotiable debts, in order to vest in the assignees a legal title to such claims of the debtor assigned to them, so that they could recover them in their own names, it would be necessary, that the act should give such an effect to their assignment; and, in our opinion, it was intended to invest the assignees with a legal title to those debts only. As, therefore, by the true construction of that act, the assignment of the property of Mixer did not vest in his assignees the legal title to any debt to which he had not such a title, and he had only an equitable title to the note in question before us, it results, that an action upon it, either in Massachusetts or here, could be brought only in the name of the plaintiff. Whether, as between the assignees and the plaintiff, the former will be entitled to the avails of the recovery on the note, it is unnecessary for us to consider.

A new trial is not advised.

In this opinion, the other judges concurred, except CHURCH, C. J., who tried the cause in the court below, and was disqualified.

New trial not to be granted.