SPENCE & ROSS v. J. M. TAPSCOTT.

*Appeal—Transcript of the Record.*

1. In order for the Supreme Court to acquire jurisdiction, it must appear in the
   transcript of the record that an action was instituted, that proceedings were
   had and a judgment rendered from which an appeal could be taken, and that
   an appeal was taken from such judgment.
2. Where the transcript of the record sent to the Supreme Court is imperfect, the
   appeal will not be dismissed, but the papers will be remanded, in order that a
   proper transcript may be sent up.

(*Buie* v. *Simmons*, 90 N. C., 9 ; *Moore* v. *Vanderburg*, *Ibid.*, 10, cited and approved).

MOTION by the defendant to dismiss an appeal, heard at February Term, 1885, of the Supreme Court.

*Messrs. Scott & Culdwell and E. C. Smith,* for the plaintiffs.
*Messrs. Graham & Ruffin,* for the defendant.

MERRIMON, J. That which purports to be the transcript of the record of an appeal in this case is so defective, that we cannot treat it as bringing the appeal, which it seems was taken in an action in the Superior Court of the county of Alamance, into this court. The papers sent up are fragmentary and confused. It does not appear, except by vague inference, that a court was held at the time and place prescribed by law, and that the Judge named presided.

Nor does it appear that any action was begun in the court. It seems that an action was begun before a justice of the peace at some time not specified, but it does not appear that he gave any judgment, or that any appeal was taken from any judgment by him to the Superior Court; nor does it appear that the latter court got any jurisdiction of the matter, that seems to have been before it in a very disorderly shape. It is said that there was a trial of issues by a jury in the Superior Court, but no record of such trial appears, nor does it appear in the record proper that any appeal was taken to this court. It appears that a judgment was given, but on what account allowed, or in what connection, we cannot see. A case upon appeal is sent up, but this is not sufficient to give the court jurisdiction.

An appeal must be constituted and brought into this court according to law. It is governed by rules of procedure, and their essential requirements must be observed. Otherwise regular authority cannot prevail. Ordinarily, it must appear in the record, with reasonable certainty, that an action or proceeding was instituted in or brought into court, from which an appeal lay ; that proceedings were had, and a judgment or order given, from which an appeal lay, and that an appeal was taken from such judg-

ment or order to this court, in order to give it jurisdiction. This is essential to the establishment of appellate relation between the court from whose judgment the appeal was taken and this court. Procedure is essential to jurisdiction, as well as to the application of principle in courts of justice, and it cannot be dispensed with. It is dangerous to ignore or disregard it. Our daily experience and observation afford ample evidence of an incautious disposition on the parts of courts and gentlemen engaged in the practice of the law, to dispense with essential forms and methods of procedure. In our judgment, this is greatly to be deplored. It is not only discreditable to the administration of public justice, but it leads eventually to confusion and wrong, and leaves the rights and estates of many people in a more or less perilous condition.

A motion is made to dismiss the appeal in the case before us. The appeal is not here, and we cannot entertain the motion. But with a view to the ends of justice, we will remand the papers sent up, so that proper steps may be taken to perfect the record and put the case in a shape to be heard and determined intelligently. *Buie* v. *Simmons*, 90 N. C., 9 ; *Moore* v. *Vanderburg*, *Ibid.*, 10.

Let an order be drawn remanding the papers on the files of the court.

Remanded.