STATE v. DUNCAN A. JOHNSTON.

*Appeal—Transcript—Certiorari.*

1. An appeal will be dismissed when the transcript fails to show that a court was held by a Judge at the place allowed by law, or that a grand jury was drawn and charged.

2. A certiorari will not be issued to bring up a perfect transcript, when it appears from the case on appeal that the questions intended to be raised are without merit.

(*State* v. *Butts,* 91 N. C., 524, cited and approved).

Motion to dismiss an appeal, heard at October Term, 1885, of the Supreme Court. The facts appear in the opinion.

*Attorney General,* for the State.

No counsel for the defendant.

Merrimon, J. The transcript of the record in this case is fatally defective. It does not appear from it that a Court was held by a Judge at the place allowed by law, or, indeed at all, or that a grand jury was drawn and charged. The papers sent up, purport to be copies of some parts of a record, and are disorderly. They fail to give this Court jurisdiction to decide the question intended to be sent up for review.

The case is substantially like that of *State* v. *Butts,* 91 N. C., 524, and we might, *ex mero motu,* order the writ of *certiorari* to issue, commanding the Clerk of the Superior Court to certify to this Court a full transcript of the record. But the Attorney General moved to dismiss the appeal upon the ground that the appellant has not filed in this Court a proper transcript, and we deem it proper to grant the motion, as in looking to the case settled upon appeal for this Court, the questions intended to be raised are without merit.

The motion to dismiss the appeal is allowed.

, Dismissed.