*THOS. D. HOLLY v. SALLIE P. HOLLY, et als.

## Appeal—Assignment of Error.

1. Exceptions must be taken, and the alleged errors assigned in the case, or they must appear in the record proper, specified with reasonable certainty.

2. Where no errors were assigned in the case, and none appeared in the record proper, but it appeared that counsel for both sides had agreed that all the papers in the cause should constitute the case on appeal, the case was remanded, in order that error might be properly assigned.

(*Baum* v. *The Shooting Club, ante,* 217; *Gregory* v. *Forbes, ante,* 220, cited and approved).

Proceeding to procession land, heard on appeal from the Clerk, before *Connor, Judge,* at Fall Term, 1885, of the Superior Court of BERTIE county.

The plaintiff appealed.

The facts upon which the appeal was disposed of in this Court, appear in the opinion.

*Mr. C. M. Busbee,* for the plaintiff.
*Mr. John Gatling,* for the defendants.

MERRIMON, J. The appellant, in the Court below, made application to have a tract of land, of which he is the alleged owner, processioned, as allowed by the statute. (The Code, §§1926, 1927, 1928). The freeholders and processioner appointed in that behalf, made report of their proceedings, to which numerous exceptions were taken by the appellee. These exceptions were overruled by the Clerk of the Court, and he gave judgment confirming the report. On appeal to the Judge, he reversed the judgment of the Clerk, sustained the exceptions, and gave judgment quashing the report, from which the appellant appealed to this Court.

SMITH, C. J., did not sit on the hearing of this case.

No case for this Court on appeal is stated, and no alleged errors are specified in the record, in terms or by reasonable implication. The record is confused and voluminous. We cannot see what the supposed errors complained of are. Indeed it seems that the appellant was dissatisfied with the judgment, and by his appeal, he intended to make one sweeping exception to all the rulings of the Judge, in respect to the exceptions mentioned, and through them to the whole proceeding. Such loose and pointless practice cannot be allowed. Exceptions must be taken, and the alleged errors assigned, as prescribed by the statute, (The Code, §550), or they must appear in the record proper, specified with reasonable certainty. The statute plainly so requires, and besides, this is essential to intelligent and just procedure. *Baum* v. *Shooting Club, ante,* 217; *Gregory* v. *Forbes, ante,* 220.

We would be strongly inclined to simply affirm the judgment, but for the fact that it appears that the counsel of both parties "agreed that the summons, and all papers filed in the cause, including the notices, the plat, &c., be sent up and constitute the case on appeal." It seems to have been intended, that the appellant might find and point out in this Court, any error he could, or the Court might search for and discover any it could. The law does not allow this to be done. Error must be assigned, either in terms, or by reasonable implication.

As the counsel for the appellee consented to such a method of stating "the case on appeal," we think the case should be remanded, to the end that errors may be properly assigned, if the appellant shall see fit to do so. By consent of parties, this may be done in this Court. It is so ordered.

Remanded.