[No. 11323. Department One. — October 29, 1887.]

PAULINE VANDOR, RESPONDENT, v. PHILIP A. ROACH, ADMINISTRATOR ETC. OF FREDERICK A. BIRINGER, DECEASED, APPELLANT.

GIFT CAUSA MORTIS — DELIVERY — INTENTION TO GIVE. — Where a person *in extremis* takes a package of bonds from beneath his pillow and hands it to a donee, saying, in substance, "These bonds are for you," an intention to give is sufficiently manifested to constitute a valid gift *causa mortis*.

ID. — FRAUD — MENTAL CAPACITY OF DONOR TO GIVE — BURDEN OF PROOF. — In the absence of circumstances surrounding a gift *causa mortis*, tending to create a suspicion of wrong, the burden of proof does not rest upon the donee, to show that no fraud was practiced upon the deceased; or that he was of sound and disposing mind at the time of the gift.

ID. — IDENTITY OF PROPERTY GIVEN — EVIDENCE. — In an action to compel the administrator of the estate of a deceased person to make a written transfer of certain United States registered bonds alleged to have been given to the plaintiff by the deceased, *held*, that the evidence was sufficient to identify the bonds given with those described in the complaint.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wright & Cormac*, for Appellant.

*M. C. Hassett*, for Respondent.

*T. C. Van Ness*, for absent heirs.

HAYNE, C. — The plaintiff claimed that the defendant's intestate gave to her on his death-bed five United States bonds which stood in his name. There was no indorsement or written transfer, and she brought this action to obtain a decree directing the administrator " to make a good and sufficient transfer of said bonds to plaintiff by his assignment in writing." The court below gave judgment for the plaintiff, and the defendant appeals.

The only points made on behalf of the appellant are the following:—

1. It is argued that the burden of proof was upon the plaintiff to show that "the gift was fair"; and that there was no evidence on the subject. If this means that it was incumbent upon plaintiff to show that there was no fraud practiced upon the deceased, we cannot agree to it. Fraud is never presumed. And if there is nothing in the circumstances to create a suspicion of wrong, we cannot see why the plaintiff should be required to go further and negative possibilities. Nor can we agree to it, if it means that the plaintiff is required to show that the deceased was of sound and disposing mind at the time of the gift. Soundness of mind is presumed until the contrary appears. In the case of a will, proof that the testator was of sound mind is required by express provision of the statute. There is no such provision as to gifts *causa mortis*. The point was expressly decided in *Bedell* v. *Carl*, 33 N. Y. 586, in which case the court said: " He establishes a *prima facie* case when he shows that the disposition has been attended by all the requisites which the common law prescribes to give it validity. Certainly he is not required to prove affirmatively that the donor was of sound, disposing mind and memory when he made the gift, and that the delivery of the subject was his free and voluntary act. These are matters of defense equally applicable to gifts *inter vivos* and *causa mortis*."

2. It is argued that what was done did not show sufficient intention of giving. The counsel says that "the operative words of a gift are, ' I give,' or ' I have given ' "; and that these words are wanting. But we do not think that any formula or set phrase is necessary. It is sufficient if there was delivery, and any words importing an intention to give. The only evidence on the subject was that of the physician, who testified that the dying man took a package from under his pillow and

handed it to the plaintiff, saying, "These bonds are for you." The witness did not pretend to give the precise words uttered, but stated that this was the substance of what was said. This we think was a sufficient manifestation of intention to give.

3. It is urged that there was nothing to identify any particular bonds. But the complaint alleges that the deceased "was the owner of five United States registered bonds, issued under an act of Congress in the year 1877, and more particularly designated and known by the name of four-per-cent consols of the United States; and by the numbers 131,641, 131,642, 131,643, 131,644, and 131,645, each of said bonds being issued to said Frederick Biringer, and standing in his name in the registry department of the United States government." This is expressly admitted by the answer. And the statement shows that "plaintiff put in evidence five United States bonds, one thousand dollars each, numbers 131,641, 131,642, 131,643, 131,644, and 131,645, being the same as set out in the complaint."

It does not appear that deceased had any other bonds. And the evidence tends to show that the ones mentioned in the pleadings, and produced by plaintiff at the trial, were the ones given to her. The physician did not know what was in the package which he saw delivered, but heard the deceased refer to it as "these bonds"; and he thought he recognized the package produced at the trial as the one he saw given by the deceased. The plaintiff testifies that after the package was received by her she mislaid it, but subsequently found it in the bed-clothes which deceased had used. She says that the bed-clothes had been taken to the basement, and that she "went down and found the package and *these bonds.*"

Upon the whole, we think there was a *prima facie* case, and as no contradictory evidence was put in, the court below properly rendered judgment for the plaintiff.

We therefore advise that the judgment and order be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.