THE STATE v. TOM. FARRAR.

*Record—When Case Remanded for Defects in Transcript of—*
*Amendment, Nunc pro. Tunc.*

1. The transcript of the record sent to this Court in a State case, failing to show that a Court was held by a Judge at the time and place prescribed by law, that a grand jury was drawn and sworn and presented the indictment, that the plea of not guilty was formally entered, is fatally defective, and the Court will not proceed to decide the question presented in the assignment of error, but will remand the case, that the record may be perfected.

2. Where a defendant was tried in the Court below, as upon a plea of not guilty, the Court, at a subsequent term, ought, upon the facts being made to appear, to direct the plea to be entered *nunc pro tunc.*

Motion to dismiss an appeal in an indictment for LARCENY, tried at February Term, 1889, of CHATHAM Superior Court.

*The Attorney General*, for the State.
No counsel for the defendant.

MERRIMON, J.   The transcript of the record of this appeal fails to show that a Court was held by a Judge at the time and place prescribed by law, that a grand jury was drawn, sworn and charged, that a grand jury presented the indictment set forth in what purports to be the record in open Court or at all, that the plea of not guilty was formally entered, and there are other defects of less importance. It is fatally defective, and we cannot decide the question intended to be presented by the assignment of error.

The Attorney General, insisting that the appeal is without merit, moved to dismiss it for the causes stated.

Enough is presented, by what purports to be the transcript of the record, to satisfy us that there is very probably in the Court below a perfect record, or one that may be perfected, and we see also that it may be that the defendant can assign such grounds of error as might entitle him to a new trial.   He is charged with larceny, the offence is serious, and we therefore deem it safe and proper to remand the case, to the end that the record may be perfected, if it is not so, and a perfect transcript thereof sent to this Court, as the law requires to be done.

If the record does not fully set forth what was done in the course of the action —as, for example, that the grand jury was drawn, sworn and charged, and presented the indictment in open Court, or that the plea of not guilty was formally entered of record, when it was so treated by the Court and parties, but was not so entered, by inadvertence, the Court might—ought—the facts properly appearing, to direct a proper entry to be made *nunc pro tunc*.   Plainly, the Court has the power, and it is its duty, to make its record express the truth in all respects.

This Court has frequently, in the exercise of a sound discretion, with the view to justice, remanded cases not unlike the present one. *State* v. *Butts*, 91 N. C., 524; *Spence* v. *Tapscott*, 92 N. C., 576; *State* v. *McDowell*, 93 N. C., 541; *State* v. *Johnston*, 93 N. C., 559; *Holly* v. *Holly*, 94 N. C., 639; *Holly* v. *Holly*, 96 N. C., 229.

Remanded.