Nash *v.* Hogan.

## MARY NASH

### *v.*

### WILLIAM HOGAN.

An action at law lies on a negotiable promissory note transferred to the holder by the widow of the payee without endorsement, and should be brought in the name of the payee's representative.

On demurrer.

*Mr. H. N. Barton*, for the demurrant.

*Mr. B. B. Hutchinson* and *Mr. W. D. Holt*, contra.

BIRD, V. C.

Mary Nash holds a promissory note which is drawn payable to the order of her father. It was given to her father in his lifetime by the defendant, Hogan. Her father made his will,

and gave his property to his wife in such manner that this note devolved on her. During her widowhood the mother became indebted to her daughter, the complainant, and in payment thereof gave her this note. Although the father's will was proved, letters testamentary were never issued and no administration of his estate was ever had; and, consequently, the note passed to the widow and mother without endorsement. Thus holding the note without endorsement, it being made payable to the order of the payee, the complainant insists that her only remedy is in this court.

The demurrant thinks that there is a safe remedy at law. I agree with the demurrant. Suit can be brought against the maker in the name of the original payee in such case, or if he be dead, in the name of his executors or administrators to the use of the real owner. If, as in this case, there be no executor or administrator, it must be remembered that the courts are open for the appointment of one, for every proper purpose.

Note.—As to the presumption of title between the holder of an unendorsed negotiable note and the payee, see *2 Rand. Com. Pap. § 792;* also, *Harrop v. Fisher, 10 C. B. (N. S.) 196; Tuttle v. Becker, 47 Iowa 486; Durein v. Moeser, 36 Kan. 441; Gano v. McCarthy, 79 Ky. 409; Dorn v. Parsons, 56 Mo. 601; Price v. Brown, 98 N. Y. 388; Citizens Bank v. Importers Bank, 44 Hun 386; Robertson v. Dunn, 87 N. C. 191; Holly v. Holly, 94 N. C. 670; Thompson v. Onley, 96 N. C. 9.*

The drawer of a bill of exchange, accepted generally by the drawee, protested by the payee for non-payment, and afterwards paid by the drawer, can, in his own name and without a previous assignment or endorsement from the payee, sue the acceptor at law, and such action, or the judgment therein, will not be enjoined in chancery, *Parminter v. Symons, 4 Bro. P. C. 604, 610;* and so as to a past-due note delivered to the defendant by the complainant for a valuable consideration, without endorsement, *Dunbar v. Wilson, 6 Bro. P. C. 6;* see *Hughes v. Nelson, 2 Stew. Eq. 547.*

In *St. John v. Hardwick, 11 Ind. 251,* it was held that the assignee of a note by mere delivery from the payee must make such payee's personal representative a party to a suit thereon after the payee's death, or show that there is no such representative; see *Bray v. Black, 57 Ind. 417.*

A negotiable note, delivered by a payee without endorsement, may be endorsed by his administratrix after his death, *Malbon v. Southard, 36 Me. 147;* but if merely endorsed before his death, it cannot be delivered thereafter by his representative, *Bromage v. Lloyd, 1 Exch. 32; Clark v. Sigourney, 17 Conn. 511; Clark v. Boyd, 2 Ohio 279;* see *Watkins v. Maule, 2 J. & W. 237.*

The authorities all sustain this view. *Fine* v. *High Bridge Church, 15 Vr. 148; Pars. Bills 45, 46, note b; Matlack* v. *Hendrickson, 1 Gr. 263; Chitty Bills (Perkins's ed.) 259, note 3; Freeman* v. *Perry, 22 Conn. 617; White* v. *Phelps, 14 Minn. 27 (100 Am. Dec. 193).*

The demurrer is sustained, with costs.