[Sac. No. 245.   In Bank.—July 1, 1898.]

ROBERT L. EDWARDS, Administrator, etc., of JOSEPH B. BOODY, Deceased, Appellant, v. KATE WAGNER, Respondent.

GIFT CAUSA MORTIS—UNINDORSED NEGOTIABLE PAPER.—The holder of negotiable paper payable to his order may make a valid *donatio causa mortis* thereof without indorsement; and under section 1052 of the Civil Code, title thereto passes by a delivery, and the transferee may maintain an action thereon in his own name.

PRACTICE—DISREGARD OF ERRONEOUS INSTRUCTION.—A judgment will not be reversed or a new trial granted on account of the disregard by the jury of an erroneous instruction which clearly appears to have been without injury to the appellant.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Baldwin & Thompson, and A. L. Levinsky, for Appellant.

The disregard of the instruction, although it was erroneous in point of law, is a verdict against law. (*Emerson v. Santa Clara County*, 40 Cal. 543.)   The legal title to the bills of exchange vested in the administrator. (Pomeroy's Equity Jurisprudence, sec. 1151.)

W. S. Wright, and John B. Hall, for Respondent.

HARRISON, J.—Joseph B. Boody in his lifetime held two bills of exchange that had been drawn in his favor, one by the York National Bank of Maine, upon the Chemical National Bank of New York for five hundred dollars, and one by the Farmers and Merchants' Bank of Stockton upon the National Bank of the Republic in New York for three hundred dollars. He died intestate November 6, 1893, and the plaintiff, having been appointed administrator of his estate, brought the present action against the defendant to recover the possession of these drafts, alleging that she had taken them into her possession after the death of Boody.   The defendant in her answer alleges that Boody in his lifetime transferred and delivered the drafts

to her, and that they thereby became her property. The cause was tried by a jury, and a verdict rendered in favor of the defendant. From the judgment thereon and an order denying a new trial the plaintiff has appealed.

The evidence before the jury was clear and convincing, and without any contradiction, that on the day of his death, and in evident contemplation thereof, Boody transferred and delivered the bills of exchange to the defendant, with the intention that they should be her property, and as a gift, and that she so accepted them. These facts are not disputed by the appellant, but he contended that as the bills of exchange were made payable to the order of Boody, and were not indorsed by him, the title to them did not vest in the defendant, but remained in him at the time of his death, and to this effect the court below instructed the jury.

The rule is well settled that the holder of negotiable paper, payable to his order, may negotiate the same by a mere delivery or indorsement, and the person to whom it is so negotiated acquires all the title thereto that his transferrer had. It was always held that by such delivery the equitable title to the bill, and the right to recover its amount, would pass, although the legal title might remain in the payee, and, under the rules of procedure at the common law, the transferee be compelled to bring his action thereon in the name of the payee; but under the rules of procedure prevailing in states which require an action to be brought in the name of the real party in interest, he may sue the maker in his own name. (Story on Promissory Notes, sec. 120; Daniel on Negotiable Instruments, sec. 741; *Davis v. Lane,* 8 N. H. 224; *Coombs v. Warren,* 34 Me. 89; *Holly v. Holly,* 94 N. C. 639; *Thompson v. Onley,* 96 N. C. 9; *Billings v. Jane,* 11 Barb. 620; *Van Riper v. Baldwin,* 19 Hun, 344. See, also, 4 Am. & Eng. Ency. of Law, 252.) It is also well settled that negotiable paper payable to order is the subject of a *donatio causa mortis,* even though it is not indorsed by the payee. (*Drake v. Heiken,* 61 Cal. 346; 44 Am. Rep. 553; *Vandor v. Roach,* 73 Cal. 614.) Section 1052 of the Civil Code provides that a transfer may be made without writing in every case in which a writing is not expressly required by statute, and as there is no requirement by statute that a negotiable promis-

sory note can be transferred only by writing, its title can be passed by a delivery.

The instruction to the contrary by the court was erroneous, but as the plaintiff failed to show any right to the bills of exchange, and as it clearly appeared that they became the property of the defendant prior to the death of Boody, the jury would not have been justified in rendering a verdict except in favor of the defendant, and their disregard of the instruction was without injury to the plaintiff. A judgment will not be reversed or a new trial granted for mere error when it clearly appears that the appellant has sustained no injury therefrom. (See *Hughes v. Wheeler,* 76 Cal. 230.)

The defendant was not precluded from claiming the drafts by reason of her presentation of a claim against the estate for services to the deceased, nor did her failure to prosecute that claim deprive her of her defense to the present action.

The judgment and order are affirmed.

Van Fleet, J., McFarland, J., and Henshaw, J., concurred.

GAROUTTE, J., concurring.—I add my special concurrence to the views of Mr. Justice Harrison expressed in the foregoing opinion, for the reason that I have never considered as sound law the doctrine laid down in *Emerson v. County of Santa Clara,* 40 Cal. 543.