FIRST NAT. BANK OF COUNCIL BLUFFS, IOWA, v. MOORE.

(Circuit Court of Appeals, Ninth Circuit.   May 1, 1905.)

No. 1,148.

1. **BILLS AND NOTES—ACTION BY ASSIGNEE—VALIDITY OF ASSIGNMENT.**
   Where, in an action by an assignee of certain notes, the complaint alleged that the notes had been assigned and delivered to plaintiff, and evidence that they were transferred and delivered to plaintiff by the payee, long before a written assignment thereon was made, was admitted without objection, such evidence established a prima facie case, regardless of the validity of the assignment.

2. **SAME—NEGOTIABLE NOTES—PAROL ASSIGNMENT.**
   In the absence of a statute to the contrary, a written assignment of a negotiable note, payable to order, is not necessary to transfer an equitable title to the note to the transferee.

3. **SAME—ACTION—FOREIGN LAW.**
   Where certain negotiable notes sued on were transferred by parol in Iowa, the transferee was entitled to maintain a suit thereon in his own name under the law of that state.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

The First National Bank of Council Bluffs, Iowa, the plaintiff in error herein, brought an action against the defendant in error to recover upon three promissory notes of date January 2, 1897, made by him to the Citizens' State Bank of Council Bluffs, Iowa, two of said notes being for $2,500 each and one for $800, and all made due and payable six months after date. The complaint alleged that on January 2, 1902, the payee of the notes, by an instrument in writing, assigned and transferred the same to the plaintiff in error, and that the said payee delivered said notes to the plaintiff in error. The defendant in error answered, denying upon information and belief the assignment and delivery of the notes, and setting up as an affirmative defense fraud in obtaining the original note for the renewal of which the notes in suit were made, and failure of consideration for such original note. Upon the trial of the cause the plaintiff in error introduced in evidence the deposition of T. G. Turner, formerly a clerk in the Citizens' State Bank, who testified in sub-

stance that the notes had been in the possession of the plaintiff in error long prior to January 2, 1902; that the stock of the plaintiff in error was bought up by the Citizens' State Bank, and the two banks became consolidated, thereafter doing business under the name of the plaintiff in error; that the latter took over all the assets and assumed all the liabilities of the Citizens' State Bank, and that the written assignment of the notes had been made for the purpose of enabling the plaintiff in error to bring an action thereupon. The written assignment of the notes was offered in evidence. It purported to have been signed by the Citizens' State Bank, by Charles R. Hannan, cashier; but when it appeared from the testimony that the name of Charles R. Hannan, cashier, was written, not by himself, but by T. G. Turner, objection was made to the instrument on the ground that the execution and delivery of the assignment had not been proven, and that it had not been shown that Turner had authority to sign Hannan's name thereto. As to the authority of Turner to sign the name of Hannan, Turner testified that on January 2, 1902, Hannan was the cashier of the Citizens' State Bank, and that he (Turner) was the vice president of the plaintiff in error, and that he had verbal authority from Hannan to sign his name to any instrument necessary to close up the business of the Citizens' State Bank. He admitted that he did not consult Hannan about signing his name to the instrument, but testified that Hannan knew that he had signed it and made no objection thereto. The objection to the admission in evidence of the written assignment was sustained by the court. The plaintiff in error then moved for leave to amend its complaint so as to allege as follows: "That long prior to January 2, 1902, and after the maturity of said note, the Citizens' State Bank of Council Bluffs, for value received, sold and delivered to the plaintiff the note hereinbefore set out, and that ever since said time plaintiff has been the owner and holder of said note and in sole possession thereof," and moved the court to continue the cause in order to give opportunity to procure the attendance of some of the officers or directors of the Citizens' State Bank for the purpose of proving the same. The court denied permission to make the amendment, on the ground that to allow it would be practically to set aside a stipulation that had been entered into before the trial, whereby a similar allegation had, by the consent of the parties, been struck from the complaint, and overruled the motion for a continuance. The plaintiff in error thereupon renewed its offer of the assignment and of the notes sued upon, to which offer the defendant in error interposed the same objections as before. The objections were sustained, and, the plaintiff in error having rested, the defendant in error moved the court to direct a verdict in his favor on the ground that the evidence introduced did not sustain the cause of action set forth in the complaint, nor any cause of action, on the part of the plaintiff in error against the defendant in error. The court allowed the motion, and the jury, under the instructions of the court, were directed to return a verdict for the defendant in error. The rulings of the court in these matters were excepted to by the plaintiff in error, and those exceptions form the basis of its assignments of error.

James Kiefer and James McNeny, for plaintiff in error.
Geo. McKay and L. C. Gilman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the case as above). In the view which we take of the law of this case, it becomes unnecessary to consider the question whether the written assignment of the notes was properly executed or was admissible in evidence. The complaint contained the allegation that the notes had been assigned and delivered to the plaintiff in error. The testimony showed that the notes in question were transferred and delivered by the Citizens' State Bank to the plaintiff in error long before the written assignment was made. No objection was interposed to the admission of this testimony on any ground, and it was, we

think, prima facie sufficient under the pleadings to sustain the right of the plaintiff in error to recover on the notes. The objections that were made were to the admission in evidence of the written assignment, and to the testimony tending to show that Turner was authorized by the cashier of the Citizens' State Bank to sign his name thereto. In the absence of a statute to the contrary, a written assignment of a negotiable promissory note payable to order is unnecessary. An assignment by parol is sufficient. 7 Cyc. 814. And while the title so transferred is equitable, and is subject to the defenses which the maker might have made prior to notice of the transfer, and under the old system of pleading and practice, an action to recover on the note could be prosecuted only by the holder in the name of the payee .(Jones v. Witter, 13 Mass. 304; Minor v. Bewick, 55 Mich. 491, 22 N. W. 12; Coombs v. Warren, 34 Me. 89; Freeman v. Perry, 22 Conn. 617; Martin v. Martin, 174 Ill. 371, 51 N. E. 691, 66 Am. St. Rep. 290; Davis v. Lane, 8 N. H. 224; Waters v. Millar, 1 Dall. 369, 1 L. Ed. 180), under the code system, by the very decided weight of authority, a negotiable unindorsed promissory note, payable to order, may, for a valuable consideration, be assigned by mere delivery, so as to give the transferee the right to recover thereon in his own name. Williams v. Norton et al., 3 Kan. 295; Pease v. Rush, 2 Minn. 107 (Gil. 89); Billings v. Jane, 11 Barb. 620; Savage v. Brevier, 12 How. Prac. 166; Boeka v. Nuella, 28 Mo. 180; Quigley v. Mexico Southern Bank, 80 Mo. 289, 50 Am. Rep. 503; Fultz v. Walters, 2 Mont. 165; White v. Phelps, 14 Minn. 27 (Gil. 21), 100 Am. Dec. 190; Cassidy v. First National Bank, 30 Minn. 86, 14 N. W. 363; Fox v. Harrison National Bank (Kan. App.) 50 Pac. 458; Beard v. Bedolph et al., 29 Wis. 136; Moore v. Miller, 6 Or. 254, 25 Am. Rep. 518; Harrisburg Trust Co. v. Shufeldt, 87 Fed. 669, 31 C. C. A. 190.

The notes in controversy were made and transferred in the state of Iowa. We find no statute of that state which requires that such an assignment be in writing, nor have the courts of that state so held. On the contrary, it seems to have been there settled by the adjudications that not only may such an assignment be made by parol, accompanied by delivery, but that the assignee of such a note, so transferred, may maintain an action in his own name to recover thereon. In Conyngham v. Smith, 16 Iowa, 471, it was held that the assignee of a bond by parol contract of assignment may maintain an action thereon in his own name. In Younker v. Martin, 18 Iowa, 143, in an opinion rendered by Judge Dillon, it was held that the transferee by delivery, without indorsement of a promissory note payable to order, may maintain an action thereon in his own name, but without prejudice to the maker's right of set-off of equities existing before notice to him of the transfer. The court said: "Notes are choses in action—that is, things which must be recovered by action at law—and, like all other things in action, they may be assigned and the title will pass without indorsement." The doctrine of that decision was reaffirmed in Pear-

son v. Cummings, 28 Iowa, 344, and Switzer v. Smith & McGowen, 35 Iowa, 269.

It is our judgment, therefore, that the judgment be reversed, and the cause remanded to the court below for a new trial.