FIRST NATIONAL BANK OF SHENANDOAH, IOWA, APPELLANT, V. CHARLES KELGORD, APPELLEE.

FILED APRIL 8, 1912. No. 16,672.

Bills and Notes: INDORSEMENT. A promissory note was made payable to "Wonder Stock Powder Company." The only indorsement is "James J. Doty, Prop." A banker who purchased it testified that Mr. Doty was the sole owner of the company, but there was no evidence as to whether the payee was a corporation or a trade name for Doty. *Held*, That the indorsement did not constitute the bank a holder in due course, under the Negotiable Instruments Act.

APPEAL from the district court for Boyd county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*L. F. Jackson,* for appellant.

*W. T. Wills* and *M. F. Harrington, contra.*

LETTON, J.

This is an action upon a promissory note made by the defendant payable to the order of "Wonder Stock Powder Company." The petitioner alleges that one James J. Doty is the owner and proprietor of "Wonder Stock Powder Company," and that the plaintiff before maturity and in the usual course of business purchased the note for a valuable consideration. The answer denies the execution and delivery of the instrument, and that plaintiff purchased same. It further pleads that the alleged note was without consideration; that the defendant is of foreign birth and cannot read or write the English language; that at the time the alleged note purports to be signed the agent of the company read over to him a paper which purported to be a conditional order for a shipment of Wonder stock powder, and that defendant signed such alleged conditional order and no other paper. The reply was a general denial. The cause was tried to a jury, which returned a verdict for the defendant.

The note in question is made payable to "Wonder Stock Powder Company." It is indorsed in blank, "James J. Doty, Prop." This indorsement is clearly insufficient under section 30 of the Negotiable Instruments Act, chapter 41, Comp. St. 1911, to constitute the plaintiff a holder in due course of business. The only evidence as to the relation of Doty to the concern is that of Albert A. Reed who purchased the note for the plaintiff. He testifies that he purchased it with 59 others from Mr. Doty, and that Doty is sole proprietor of the "Wonder Stock Powder Company." It is not shown whether the Wonder Stock Powder Company is a corporation of which Doty owns all the stock or whether it is a trade name used by Doty in his individual business.

The plaintiff relied upon the law merchant as expressed in the Negotiable Instruments Act for its right to recover as an innocent holder in due course, and has no greater right than is conferred by that act. The purchase

and delivery of the note transferred the title to plaintiff, but there being, so far as the evidence shows, no indorsement by the payee, the transfer could not vest plaintiff with the privileges of a holder in due course, and the note was subject to the same defenses as might be set up against the original payee. *Freeman v. Perry*, 22 Conn. 617; *Ellis v. Brown*, 6 Barb. (N. Y.) 282. The verdict of the jury must have been based upon a finding that the defendant, who could not read English and could only write well enough to sign his name, was deceived into signing a paper which he believed to be an order for stock food, but which was, in fact, a promissory note, and that he received no consideration for the same. The evidence, while conflicting, is sufficient to support such a finding. This, in the absence of negligence, may constitute a good defense even against a holder in due course. *Willard v. Nelson*, 35 Neb. 651. No exceptions were taken to the giving of the instructions complained of, hence we cannot examine their correctness. We think it unnecessary to consider the other errors assigned.

The judgment of the district court is, therefore,

AFFIRMED.

REESE, C. J., not sitting.