JAMES E. BLAKE, EXTR.

*vs.*

MARCIA E. CLINTON ET AL.

Superior Court     Litchfield County     File No. 10057

MEMORANDUM FILED AUGUST 3, 1943.

*Charles P. Roraback*, of Torrington, for the Plaintiff.

*Thomas F. Wall*, of Torrington, for Defendant, Marcia E. Clinton.

O'SULLIVAN, J. This is an action of interpleader brought by one of the claimants of two bank deposits by virtue of the provisions of section 5911 of the General Statutes, Revision of 1930. The verdict was special in form and consisted of two interrogatories pertinent to the issues which the parties agreed, with the approval of the court, to submit to the jury.

The named parties are the claimants of the bank deposits standing in the name of Eliza Wellman, the plaintiff being her son and the executor of her will, Mrs. Clinton being her daughter. The position of Mrs. Clinton is that her mother had delivered to her two bank books with the intention of making a gift of the deposits they represented, while the plaintiff denies the validity of this alleged transaction on the ground that at the time the so-called gift was made, Mrs. Wellman was mentally incompetent and incapable of knowing what she was doing.

The jury having answered the interrogatories in favor of Mrs. Clinton, the plaintiff moves to set the verdict aside, urging as his sole ground that the charge was erroneous in two particulars, first, in placing upon him the burden of proving that Mrs. Wellman was of unsound mind rather than to require

Mrs. Clinton to establish that her mother was mentally competent to make a gift, and secondly, in failing to explain that the presumption of mental soundness had no evidential weight.

As to the burden of proof, the law is definitely settled that a donee "is not required to prove, affirmatively, that the donor was of sound disposing mind and memory, when he made the gift.... These are matters of defense equally applicable to gifts *inter vivos* and *causa mortis.*" *Bedell vs. Carll,* 33 N.Y. 581, 586. *See, also, McLeod vs. Brown,* 210 Ala. 491, 98 So. 470; *Vandor vs. Roach,* 73 Cal. 614, 15 Pac. 354; *Philpot vs. Temple Banking Co.,* 3 Ga. App. 742, 60 S.E. 480; *Northern Trust Co. vs. Swartz,* 309 Ill. 586, 607, 141 N.E. 433, 441; *Weber vs. Kline,* 293 Pa. 85, 141 Atl. 721.

That in a will contest, the burden of establishing the mental competency of the testator rests on the proponents of the will, does not present a comparable situation. The statute is so worded as to require the proponents to assume the burden of establishing soundness of mind.

The charge was correct so far as it placed the burden of proving mental incapacity upon the executor.

The second claim is directed at the following excerpt from the charge: "A rule of law is that a person is presumed to be sane and capable of making a gift until the contrary is shown." The executor's criticism is aimed not at any inaccuracy in the excerpt but at the court's failure to explain to the jury that the presumption has no evidential value and disappears when some evidence has been offered to indicate a lack of mental capacity. *O'Dea vs. Amodeo,* 118 Conn. 58.

Undoubtedly, it would have been better had the court followed up the excerpt with a statement of whose absence the executor complains. But a reading of the excerpt with what was thereafter said, in the absence of a request to charge, convinces me that the deficiency was unfortunate but not erroneous.

In the first place, while the jury were not instructed that the presumption had no evidential value, neither were they advised that it had that effect. Then again, an analysis of the excerpt shows that the presumption was available "until the contrary is shown", an explanation which to 12 laymen probably was as clear an instruction of the limited extent to which they might view the presumption as was necessary.

This view is strengthened by the reference the court made directly after the quoted excerpt as to the rebuttability of the presumption.

Under the circumstances, I am satisfied that I should not disturb because of this claimed deficiency a verdict fairly won and which would have been exactly the same had the deficiency been supplied, and which, I might add, will, on any new trial, in all probability be duplicated.

The motion is denied.